STATE OF MINNESOTA *ex rel.* Emma Lee *vs.* I. M. SCHAACK.

October 12, 1881.

**Mandamus—Demand.**—Before a writ of *mandamus* will issue to require a public officer to do an official act, there must be a demand upon him to do it.

**Redemption from Tax Sale.**—Where, at tax sale, land is sold as one tract, the owner of a part of the tract may redeem the whole, but he cannot redeem a part of it.

Appeal by defendant, as auditor of Redwood county, from a judgment of the district court for that county, *Cox*, J., presiding, directing a peremptory writ of *mandamus* to issue, commanding the defendant to certify to the relator the amount required to redeem from tax sales a certain north-west quarter-section of land.

It was alleged by the relator, and admitted by the defendant, that, being the owner of such quarter-section of land, relator had, in 1878, sold the same to one Rogers, who was then the owner of the south-west quarter of the same section; that she took from Rogers a mortgage for part of the purchase price, which she subsequently foreclosed, and thereby again became the owner of the same north-west quarter-section; that Rogers, while in posssssion of said premises, neglected to pay the taxes, and allowed the same to be sold for the taxes of 1878 and 1879; and that the time for redemption had not expired. It further appeared that the two quarter-sections were assessed and sold for taxes in those years in one tract, as the west half of the section. Defendant also alleges in his answer that relator has never requested him to perform the acts which the writ commands.

*Alfred Wallin*, for appellant.

*Frank L. Morrill*, for respondent.

The county auditor cannot defeat the statutory right of redemption by improperly listing and selling lands. *Grapengether* v. *Fejervary*, 9 Iowa, 163; *Boyd* v. *Ellis*, 11 Iowa, 97; *Singleton* v. *Scott*, Id. 589; *Bradford* v. *Limpus*, 13 Iowa, 424; *Lay* v. *Gibbons*, 14 Iowa, 377; *State of Georgia* v. *Braiseford*, 2 Dall. 402; *O'Brien* v. *Coulter*, 2 Blackf. 421; *Ainsworth* v. *Dean*, 21 N. H. 400; *Corporation of Wash-*

*ington* v. *Pratt*, 8 Wheat. 681; *Hodge* v. *Wilson*, 12 Smedes & Marsh. 498. Where land is sold in gross, the owner of a part may redeem his part by paying his *pro rata* share. *Penn* v. *Clemants*, 19 Iowa, 372; *Dietrick* v. *Mason*, 57 Pa. St. 40; Burroughs on Taxation, 358; Cooley on Taxation, 369.

GILFILLAN, C. J. On the merits of this case there are two reasons why the peremptory writ ought not to have been granted:

*First*, the writ is sought against a county auditor in his official capacity, to compel him to perform an official act, to wit, to compel him to certify to the amount required for redemption from tax sale of a certain tract of land, and it does not appear that any demand was made upon him to do the act prior to the application for the writ, and, without such demand, the relator is not entitled to the writ. *State* v. *Davis*, 17 Minn. 429.

*Second*, it was not the duty of the auditor, and he had no authority, to certify as required by the writ. The facts were these: Taxes had been levied upon the west half of a section of land as one tract, and the half section was sold as one tract to satisfy the taxes. The relator subsequently became the owner of the north-west quarter of the section through the foreclosure of a mortgage resting upon it at the time the taxes were levied. She claimed a right to redeem that quarter from the tax sales, and the purpose of the writ is to compel the respondent, as county auditor, to certify to the amount required to redeem that quarter. There can be no question that the relator had such an interest in the tract sold—the half section—as gave her the right, under Gen. St. 1878, *c.* 11, § 90, to redeem such tract from the sale. But the statute gives no right to redeem from tax sale a separate part of any tract sold entire, nor, except in the case of an undivided estate, does it allow any redemption by payment of less than the entire amount for which the tract sold was bid off at the sale, with the additions made to that by the statute. There is no right of redemption from tax sale but such as the statute gives, and it gives the right to redeem only an entire tract sold, or an undivided estate or interest in it. It does not contemplate that a tract sold as one may, for the purpose of redemption, be divided into several tracts at the instance of the several owners. The auditor has no *data* in his office from which

to apportion the amount required to redeem the whole tract to several subdivisions of it, as he has to apportion it to undivided estates or interests.　He could not, therefore, within the line of his official duty, certify as required by the writ.

Judgment reversed.