STATE OF MINNESOTA *ex rel.* NELLIE M. WEIDE *vs.* DISTRICT COURT SECOND JUDICIAL DIST.

Argued Dec. 19, 1893.    Affirmed Dec. 30, 1893.

No. 8601.

**New trial, grounds stated in the notice of motion for.**

Where a motion in the District Court is made and determined on special grounds stated in the notice of motion, the moving party will not be heard in the appellate court upon new or additional grounds.

**Decision supported by the record.**

The decision of the trial judge in this case *held* supported by the record.

Certiorari issued on the relation of Nellie M. Weide to the District Court of Ramsey County, *Charles E. Otis*, J., to certify and return to this Court the record and proceedings in the matter of assessment of benefits from opening a street.

In the year 1886 the City of St. Paul laid out a street two hundred feet wide on the left bank of the Mississippi river from Chestnut Street to the outlet of Fountain Cave. The Board of Public Works made an assessment of benefits upon adjacent property, to pay the cost and expense of the condemnation of the land taken. The relator's fifty lots in Kinney, Bond and Trader's Addition were assessed $2,089. She did not pay and application was made to the District Court of Ramsey County December 11, 1886, for judgment against the property. She appeared and filed objections and the hearing was adjourned. Several subsequent adjournments were entered and

on July 11, 1890, the Court overruled the objections and ordered judgment against the several lots and it was entered the same day. The relator moved the Court October 14, 1893, on notice, to vacate this judgment on the ground that it was entered through mistake and fraud and without an order of the Court, and on the ground that if ordered, it was done without notice to the relator, and on the further ground that the assessment was made by mistake, the Board having defined the assessment district without notice or hearing. This motion was supported by affidavits and by the oral evidence of H. W. Phillips of the city legal department and who had charge of assessments. The Court denied the application. In the return to the certiorari were the record and a case made, settled, signed and filed showing the affidavits read and evidence given on the motion.

*Humphrey Barton,* for relator.

The assessment upon which this judgment was entered was not only irregular, but void. The notice upon which the assessment was made was invalid because it defined the assessment district previous to hearing. This notice was jurisdictional. *Overmann* v. *City of St. Paul,* 39 Minn. 120; *Sewell* v. *City of St. Paul,* 20 Minn. 511; *State ex rel.* v. *Otis,* 53 Minn. 318.

A number of lots were assessed together in bulk. This was without authority and rendered the assessment void. *Brennan* v. *City of St. Paul,* 44 Minn. 464.

Upon the application for judgment objections were interposed December 11, 1886, and the matter was continued from time to time for about six months when it was dropped from the calendar and nothing more done until June, 1890, when it was, without notice to the relator placed on the special term calendar and referred to Judge Kelly, and thereupon he overruled the objections and ordered judgment without a hearing.

To make laches a bar to relief there must be a delay with knowledge to the prejudice of the opposing party. The relator had no knowledge of the judgment until within a few days of the time of making the application to vacate it. She cannot be guilty of laches, as delay without knowledge will not constitute laches. *Coles* v.

*Ballard,* 78 Va. 139; *Lindsay Petroleum Co.* v. *Hurd,* L. R. 5 P. C. 221; *Stocking* v. *Hanson,* 35 Minn. 207; *Bausman* v. *Kelley,* 38 Minn. 197; *Bowman* v. *Patrick,* 36 Fed. R. 138.

The city has not shown itself in any way prejudiced by the delay, and without prejudice to it there can be no laches. *Nell* v. *Dayton,* 47 Minn. 257; *Heffner* v. *Gunz,* 29 Minn. 108; *Magin* v. *Lamb,* 43 Minn. 80.

*Leon T. Chamberlain* and *Hermon W. Phillips,* for respondent.

The lots were liable to assessment as property which might be deemed benefitted by the improvement. Sp. Laws 1874, ch. 1, subch. 7, §§ 3, 14, 23, 26. And if there was a mistake as to the fact in the proceedings preliminary to the judgment, the judgment was nevertheless valid. *Dousman* v. *City of St. Paul,* 23 Minn. 294. The assessments were merged in the judgment, and whether they were properly or erroneously made is not now to be considered. *Langevin* v. *City of St. Paul,* 49 Minn. 189.

The order of Judge Kelly upon which judgment was entered was for some time misplaced in the vault of the clerk's office, so when this motion was made it was charged in the moving papers that no order for judgment had ever been made, but before the cause came on for hearing the order was found. It will be apparent that this was the principal ground relied upon, by reference to Sp. Laws 1889, ch. 32, § 70, p. 590; *Wieland* v. *Shillock,* 24 Minn. 345; *Drew* v. *City of St. Paul,* 44 Minn. 501.

The application to open and set aside the judgment is addressed to the discretion of the District Court, and an unreasonable delay in making the motion is sufficient reason for denying the application. *Groh* v. *Bassett,* 7 Minn. 325; *Jorgenson* v. *Griffin,* 14 Minn. 464; *Hotchkiss* v. *Cutting,* 14 Minn. 537; *Altmann* v. *Gabriel,* 28 Minn. 132; *Frankoviz* v. *Smith,* 35 Minn. 278; *Holmes* v. *Campbell,* 13 Minn. 66.

VANDERBURGH, J. Several objections to the assessment and judgment in question are raised in this court which were evidently not raised or considered in the District Court. The motion there made was to vacate and set aside the judgment entered against the real

property specially described in the notice, on the ground that the same was ordered through mistake and fraud.

It is evident that the claim that it was entered through fraud was abandoned, and the court failed to find that it was entered by mistake, and therefore denied the application. It is true that Mrs. Weide, in a separate notice, more specifically states that the judgment was ordered through mistake, no notice of the intention to do so having been given to her; also, that by mistake the assessment district was defined without notice or hearing, and that the assessment was made upon "the property in gross, and not in separate pieces or parcels." It is clear that objections to the assessment must have been seasonably taken in order to be available, and unless so taken, and a reassessment ordered, the judgment would follow the assessment; and the judgment is not void or to be set aside because several adjoining lots belonging to the same party are assessed together. That is an error that must be seasonably pointed out and objected to. It is also urged on the argument in this court that the judgment is void on its face, on the ground of the imperfect description of the property. Whether the particular objection brings the case within the rule in *Gilfillan* v. *Hobart*, 35 Minn. 187, (28 N. W. 222,) we are not called upon to determine, as the point was not raised in the court below, and was not embraced within the grounds of the motion stated. The defect, doubtless, may be corrected on application to the court, if there has been no sale.

It all comes down, then, to the question whether the judgment was ordered by mistake or oversight, in face of the objections on file in the case. We think this is not made to appear. In respect to objections to the assessment, the affidavits of Mrs. Weide and her husband both show that "all the facts relative to the defects and mistakes in making said assessments" came to her knowledge within sixty days prior to this motion. It is clear, therefore, that no such objections were filed before the judgment.

It is obvious that the chief ground relied on, when the motion papers were prepared, was the supposed absence or omission of the order for judgment required in such cases. But it turned out that such order, which had been mislaid, was in fact made, and was produced at the hearing.

As respects the notice of intention to apply for judgment, the relator must have had such notice, because, upon her own showing, she appeared, and filed objections; and, as to whether the relator's rights were subsequently prejudiced by the continuance of the hearing, the evidence can hardly be considered such as to warrant this court to set aside the decision of the trial judge on this ground. If relator appeared in person, and not by attorney, she was bound to take notice of the disposition made of the case by the court. If she had an attorney, she is bound by his acts in consenting to the continuance. Nor did the matter come legitimately under the head of mistake, which was the matter considered by the court.

Order affirmed.

Buck, J., took no part.

(Opinion published 57 N. W. Rep. 319.)

Application for reargument denied January 10, 1894.