CHARLES C. WADE v. ANTHONY J. DREXEL and Others.[1]

January 30, 1895.

No. 9238.

**Tax Sale—Redemption by Lien Holder.**

> G. S. 1878, c. 11, § 92, as amended by Laws 1889, c. 185, gave to the holder of a lien on a divided part of an entire tract of land sold for taxes a right to have the amount of the tax lien apportioned between the parts of the tract, and to redeem from the tax sale the part on which he held his said lien, by paying the amount of the tax lien so apportioned thereto; and said section, as amended by Laws 1893, c. 118, provides a remedy for enforcing that right.

**Same—Practice.**

> That remedy is by a "summary application" to the court or a judge thereof, and it may be heard at a special term of the court.

**Same—Jury Trial.**

> There is no right to a jury trial on such application.

**Evidence.**

> On the hearing of the application in this case there was sufficient evidence of the possession of the judgment debtor to prove a title in him to which the petitioner's judgment lien attached.

**Pleadings.**

> On such application formal pleadings or issues as to the values or proportionate values of the parts of the tract between which the tax lien is to be apportioned are not necessary.

[1] Reported in 62 N. W. 261.

Appeal by Anthony J. Drexel and others, as executors and trustees of the estate of Anthony J. Drexel, from an order of the district court for Hennepin county, Smith, J., granting the relief prayed for in the petition of C. C. Wade, and from an order refusing to grant a new trial. Affirmed.

*Bartleson & Paul,* for appellants.

*C. H. Rossman,* for respondent.

CANTY, J. The city lot involved in this proceeding is situated in Minneapolis. It was assessed for the taxes of 1889 as an entire tract, and on May 6, 1891, was sold to one Johnson for the sum of $229.26, in payment of these taxes, and these appellants now hold the rights acquired under that sale. One Penney was the owner of the lot. There was a mortgage on the front two-thirds of it, which was foreclosed. The time to redeem from the foreclosure sale expired, and appellants now hold the rights acquired under the foreclosure. The respondent, Wade, is a judgment creditor of Penney, and his judgment is a lien on the rear one-third of the lot. Wade commenced this proceeding under Laws 1893, c. 118, to have the amount due appellants under said tax sale, and the lien therefor, apportioned between the front two-thirds and the rear one-third of said lot. On the trial the court below found that the valuation for taxation of the front two-thirds was $10,000, and of the rear one-third and the improvements thereon was $600, or $3/53$ of the valuation of the entire lot and improvements, and found that said Wade is entitled to redeem the rear one-third of said lot from said tax sale by paying the county treasurer $3/53$ of the amount necessary to be paid to redeem the whole lot from said tax sale. An appeal is taken from this order, and also from an order denying a motion for a new trial.

1. It is claimed by appellants that at the time said tax sale was made there was no law which authorized such an apportionment of their lien under the tax sale, and that to give the law of 1893 such a retroactive effect is unconstitutional, as impairing the obligation of the contract entered into in the making of the tax sale. It would undoubtedly be unconstitutional to give the law of 1893 such an effect; but, if the right to such an apportionment existed at

the time of said tax sale, the remedy to enforce this right may be provided by the subsequent law. We are of the opinion that the law gave the right to such an apportionment when the tax sale was made. G. S. 1878, c. 11, § 92 (see G. S. 1894, § 1604), provided: "Any person who has or claims an interest in or lien upon any *undivided estate* in any piece or parcel of land sold, may redeem such undivided estate by paying into the treasury a proportionate part of the amount required to redeem the whole, and in such case the certificate shall expressly state the estate or interest redeemed." By Laws 1889, c. 185, this section was amended so as to read as follows: "Any person who has or claims *any interest* in or lien upon any piece or parcel of land sold may redeem such *estate* or *interest* by paying into the treasury a proportionate part of the amount required to redeem the whole, and in such case the certificate shall expressly state the estate or interest redeemed."

It is claimed by appellants that this section, as so amended, cannot be held to apply to a divided interest or portion of the tract. The meaning of the amended section is somewhat obscure, and, taken by itself, it could hardly be held to apply to a divided part of the lot or tract. But we have a right to consider the evil which the legislature intended to remedy. It was held in State v. Schaack, 28 Minn. 358, 10 N. W. 22, that the original section did not apply to a divided part of the entire tract sold for taxes. It is evident that the legislature intended to amend the section so as to make it apply to "any interest," divided or undivided, but they have left their meaning to be spelled out of a section which, construed literally and by itself, would lead to some absurd results. As an instance of so construing it, if the petitioner held a judgment lien for $100 on the fee-simple title of the whole tract, which was worth $1,000, he would have a right to have the amount of the tax lien apportioned so that he could pay one-tenth thereof, and redeem from it so as to protect his judgment lien for the $100. Of course, such a construction is absurd. Construing the amended section literally, it would seem to apply neither to a divided nor an undivided estate, but merely to an apportionment between different estates in the same property, such as a leasehold or life estate and the reversion; but such was clearly not the intention of the legislature. We are of the opinion that the amended section applied so as to permit an apportionment of

the amount due on the tax lien as between the divided interests in the entire tract.

2. The case was tried at a special term of the court below on oral evidence. Appellants objected to a trial at such a time, moved to strike the cause from the special term calendar, and insisted that it could only be tried at a general term. There is nothing in this assignment of error. Laws 1893, c. 118, provides that it may be "determined by the district court or any judge thereof upon a summary application by the person desiring to redeem."

3. The denial of a demand for a jury trial is also assigned as error. The appellants were not entitled to a jury trial under the statute, and the constitution gives them no such right for several reasons. No such proceeding as this was known to the common law, and this proceeding is not a substitute for any common-law remedy. On the contrary, if the statute provided the right without prescribing the remedy, as was the case before the law of 1893, the remedy would be a bill in equity, not an action at law. Besides, the proceeding is a part of the general machinery for the assessment and collection of taxes and the remedies for apportioning the amount of the same, in which a jury trial is not a matter of right.

4. Appellants make the point that there is an old defect in the chain of title, and it does not appear that Penney ever owned the rear one-third, or any part, of the lot. We will not attempt to pass on the merits of this defect. Penney testifies that he built the buildings on both the rear and front parts of the lot. He says: "I was the owner of the lot until it passed into the hands of the mortgagee in 1891. These improvements were on it at the time I sold it." An abstract of the title was used on the trial, and it does not appear that there is any record of a sale by him of the lot, or any part of it, unless the mortgage foreclosure is called a sale. Petitioner's judgment became a lien on June 2, 1891, and under the evidence we must assume that if Penney ever made any sale of the rear one-third it was after the docketing of this judgment. There is no evidence that any person except Penney was ever in possession of this part of this lot. Though the evidence of his possesssion is vague, we are of the opinion that it is sufficient proof of title in him, and there is no evidence to show that that title was divested before the docketing of the petitioner's judgment.

5. There is nothing in the point that it was error to admit evidence of the values and proportionate values of the two parts of the lot, because the petition did not allege these values, and no issues were made in the pleadings as to such values.   The statute does not contemplate any formal pleadings or issues as to such values.   It is a summary application, to be heard without formal pleadings or issues as to values.

The orders appealed from should be affirmed.   So ordered.