CHARLES E. OTIS v. JOSEPH R. WEIDE and Others.[1]

June 1, 1906.

Nos. 14,851—(191).

**Assessment for Local Improvement.**
> Action to determine adverse claims to certain lots, of which the plaintiff
> claims to be the owner by virtue of an assessment judgment and sale
> thereof. *Held*, upon the facts found by the trial court, that the judgment
> and sale are void, for the reason that the court had entered a prior judg-
> ment against the lots for the same assessment thereon.

Action in the district court for Ramsey county by plaintiff, as re-
ceiver of Savings Bank of St. Paul, to determine the adverse claims of
defendants to certain vacant and unoccupied land. Defendant Urban
Investment Company alone answered, claiming to be the owner in fee
of the premises. The case was tried before Orr, J., who found in favor
of plaintiff. From a judgment entered pursuant to the findings, de-
fendant Urban Investment Company appealed. Reversed and judg-
ment ordered for defendant Investment Company.

*John F. Fitzpatrick,* for appellant.
*Ambrose Tighe,* for respondent.
*J. C. Michael* and *G. R. O'Reilly,* for City of St. Paul.

START, C. J.
Action to determine adverse claims to certain lots in the city of St.
Paul. Judgment for the plaintiff, from which the defendant Urban
Investment Company appealed. The question here to be decided is
this: Do the facts found by the trial court sustain its conclusion of law
to the effect that the tax judgment and sale by virtue of which the
plaintiff claims title to the lots are valid, and hence he is the owner
thereof?

The facts so found are to the effect following: On and prior to
November 1, 1886, Nellie M. Weide was the owner of the lots, and on
November 13, 1893, she and her husband, Joseph M. Weide, duly ex-

[1]Reported in 107 N. W. 540.

ecuted a mortgage, which was duly recorded, on the lots, to William Dawson, Jr., to secure the payment of $5,000. This mortgage was duly assigned to the defendant, duly foreclosed on September 19, 1904, and the lots sold at foreclosure sale to the defendant for $1,000. No redemption has been made from such sale. On November 1, 1886, the city of St. Paul commenced proceedings in the district court of the county of Ramsey against the lots to enforce a street assessment · thereon, and such proceedings were had in such matter that on July 11, 1890, a judgment was duly entered in such court under and by virtue of its express order against each of the lots for the amount of the assessment thereon. On December 7, 1891, the lots were sold pursuant to the tax judgments to Andrew A. Thaanum, and certificates of sale duly issued to him, which he thereafter assigned to the Savings Bank of St. Paul. Thereafter, and in the year 1893, the mortgagor, Nellie M. Weide, made a motion to have the tax judgment of July 11, 1890, vacated, the district court made its order denying the motion, and the order was affirmed in the supreme court on December 30, 1893. See 56 Minn. 56, 57 N. W. 319. Thereafter, and in the year 1894, the mortgagor commenced an action in the district court of the county of Ramsey to quiet the title to the lots against the city of St. Paul, Andrew Thaanum, and the bank, wherein the court adjudged that the tax certificates were void because of the absence of any valid judgment to support them. Thereupon, and on December 4, 1894, the clerk of the district court, without any express additional or further order of the court, entered a new judgment therein against each of the lots for the same amount as the judgment of July 11, 1890, with interest at the rate of twelve per cent. per annum from the date of the first judgment to the date of the second one. · On December 20, 1894, the lots were severally sold pursuant to the second judgment to the city of St. Paul, and certificates of sale issued to it. On February 20, 1895, the city assigned the certificates to the Savings Bank of St. Paul in consideration of $4,566.80 paid to the city by the bank, which included $89.50 interest on the face amount of certificates from their date. On March 20, 1895, by agreement between the city and the bank, the certificates issued pursuant to the first judgment were surrendered by the bank to the city and were canceled, and on the same day the city repaid to the bank the amount of the certificates, $3,377.46, of which

$631.80 was for interest at the rate of seven per cent. per annum. On September 20, 1895, Joseph R. Weide, as administrator of the estate of the mortgagor, Nellie M. Weide, who died intestate in the year 1895, duly made application to the district court to vacate the second judgment, dated December 4, 1894, and the court denied the application. The plaintiff, as receiver of the bank, claims title to the lots solely by virtue of the second judgment and the certificates of sale issued pursuant thereto. It was conceded on the argument that unless the second judgment, dated December 4, 1894, be valid, as the trial court held, the judgment appealed from must be reversed.

We have here a singular state of facts to deal with. The tax judgment of July 11, 1890, was duly entered according to the findings of the trial court—that is, it was a valid judgment—and it has never been set aside by the courts, except indirectly as to the parties to the action commenced by the mortgagor to quiet her title. Neither the defendant nor the mortgagee, through whom the defendant claims, was a party to the action, and the judgment therein affects in no manner the defendant's rights, for a mortgagor cannot do anything to impair the mortgagee's title after the mortgage is duly recorded. Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, 40 Am. St. 354. For the same reason the application of the administrator of the estate of the mortgagor to vacate the second tax judgment, dated December 4, 1894, cannot affect the rights of the defendant. The application itself was not, as suggested by the plaintiff, a proceeding in rem, but it was a voluntary proceeding by the representative of the mortgagor to vacate a supposed judgment in rem. We have, then, a valid judgment for a street assessment, dated July 11, 1890, and a second judgment, dated December 4, 1894, for the same assessment, with interest at the rate of twelve per cent. per annum, entered by the clerk of the court without any order of the court so to do, and a tax sale of the lots pursuant to the supposed second judgment, by virtue of which the plaintiff claims title to the lots. We are not at liberty to indulge in any presumptions as to the validity of the second judgment contrary to the facts found by the court; for, the appeal having been taken from the judgment, with no settled case or bill of exceptions annexed to the judgment roll, we must presume that the findings of fact are based upon sufficient competent evidence.

It is obvious that the conclusion of law follows from the facts found that the district court exhausted its jurisdiction in the premises when it entered the first assessment judgment, and that, it never having been set aside, the second judgment for the same assessment, even if it be conceded that it was the act of the court, is void for the reason that the court had no jurisdiction to award it. It follows that the conclusion of law of the trial court is not sustained by the facts found, and, further, that the judgment appealed from must be reversed and the case remanded, with direction to the district court to amend its conclusions of law in accordance with this opinion and cause judgment to be entered in favor of the defendant Urban Investment Company for the relief demanded in its answer.

Reversed and judgment ordered for defendant Urban Investment Company.