### CHARLES E. OTIS v. CITY OF ST. PAUL.[1]

October 4, 1907.

Nos. 15,150—(166).

**Local Assessment Certificates—Refundment.**

Plaintiff bought city assessment certificates to certain lots, based on a judgment held to have been invalid in an action brought by the owner of the property against him and the city. No appeal was taken; the city refunded to plaintiff. Subsequently the city entered a second judgment. At the sale made thereon, the plaintiff purchased other certificates to the same premises. These certificates were on appeal adjudged void, in an action to which the city was not formally made a party, because the first judgment was valid and the second judgment consequently invalid. Thereupon he brought this action to secure refundment. It is *held:*

(1) By the sale of the certificates, the city contracted that the purchaser should receive (a) a lien capable of being matured into a valid title to the lands described; (b) or the return of the consideration paid, with interest, in case of the redemption or of judicial determination that the certificates were invalid as the result of bona fide litigation.

(2) Upon the adjudication of the invalidity of the judgment in this case, plaintiff was entitled to refundment.

Action in the district court for Ramsey county for the refundment by defendant city of $3,565.54, the value of certain assessment cer-

[1]Reported in 113 N. W. 269.

tificates. The case was tried before Kelly, J., who found in favor of defendant. From a judgment for the sum of $11.50 costs and from the whole of the judgment, plaintiff appealed. Reversed.

*Ambrose Tighe,* for appellant.

*James C. Michael,* for respondent.

JAGGARD, J.

Counsel for the plaintiff as receiver of the Savings Bank of St. Paul has aptly remarked: "This is as curious a case as has been presented to this court in many a moon. It shows that imagination finds a field for play elsewhere than in the works of the major poets, and that there may be interest and mystery even in litigation about tax titles." Prosaically stated, the brief facts are these:

In 1886 the city of St. Paul made an assessment on certain lots belonging to one Weide. Application was made for judgment. Objections by Weide were filed and overruled, and a judgment was entered pursuant to an order on July 11, 1890. Denying Weide relief on certiorari, this court said: "It is also urged on the argument in this court that the judgment is void on its face, on the ground of the imperfect description of the property. Whether the particular objection brings the case within the rule in Gilfillan v. Hobart, 35 Minn. 187, 28 N. W. 222, we are not called upon to determine, as the point was not raised in the court below, and was not embraced within the grounds of the motion stated." State v. District Court, 56 Minn. 56, 57 N. W. 319. At a sale made on this judgment, one Thaanum purchased the assessment certificates, and assigned them to the bank. In an action to quiet title brought by Weide in 1894 against the city of St. Paul, the Savings Bank of St. Paul, and Thaanum, the judgment and all certificates owned by the bank based on it were held void. No appeal was taken. The bank presented the certificates affected by the decision for refundment. The city paid and proceeded to a new judgment, which was entered on December 4, 1894. The same counsel for the Weide interest who had thus succeeded in having the judgment declared void subsequently sought to vacate and set aside the second judgment, on the ground that the first judgment was in fact good. On October 5, 1895, Judge Otis, then on the district bench, and now the receiver of the bank, concluded that the "industry and

102 M.—14

pertinacity of counsel for Weide are worthy of a better cause," and that the adjudication of the invalidity of the first judgment, having been fully acquiesced in by all parties concerned, became the law of the case.

At a sale made under the second judgment, the St. Paul Savings Bank purchased certificates to the same premises. The present plaintiff, as receiver of the bank, began an action to quiet title under these certificates against the owners of the property, the Weide representatives, and the mortgagee, the Urban Investment Company. Pending proceedings therein, the mortgage was foreclosed and the investment company succeeded to the Weide interest. This court held (Otis v. Weide, 98 Minn. 227, 107 N. W. 540) that the investment company was the owner of the property, and that the judgment and sale on which the certificates were based were void because the district court had previously entered a valid judgment, to wit, the first judgment on July 11, 1890, against the land for the same assessment. In substance, the holding was that there could not be two valid judgments and a sale under each of them. The invalidity of the judgment of July 11, 1890, could not be established against the investment company in an action to which it was not a party. Thereafter plaintiff began this proceeding against the city to secure refundment. Essentially in the picturesque language of counsel for the receiver, the trial court found that the first judgment, referred to in State v. District Court, 56 Minn. 56, 57 N. W. 319, and held good in Otis v. Weide, 98 Minn. 227, 107 N. W. 540, was in fact bad; that the second judgment, which this court and the trial court had held bad, and which the city in its answer admitted was bad, was in fact good. It found as conclusions of law that the certificates which had been adjudicated bad in Otis v. Weide, supra, were in fact good, and that the receiver was entitled to no relief. The reasoning by which the learned trial judge reached these conclusions, as set forth in the memorandum attached, is clear and his arguments cogent. None the less, we think the plaintiff was entitled to refundment.

However confused, uncertain, and changing may be many aspects of the law of tax and assessment titles in this state, a few fundamental rules stand out as fixed and reliable. One of these is that an owner shall not lose his real estate through a tax or assessment proceeding,.

unless a strict compliance with all essential requirements of the law has been affirmatively shown. To that end, provisions for redemption are liberally construed. The correlative proposition is equally certain.

Under the general statutes, until the recent change made in pursuance of the recommendation of the tax commission, and under the charter of the city of St. Paul, the purchaser of a tax or assessment certificate determined in litigation conducted in good faith to be void is entitled to refundment. In a proceeding by this particular plaintiff against this particular defendant (Otis v. City of St. Paul, 94 Minn. 57, 61, 101 N. W. 1066, 1068), Brown, J., said: "The provisions of the charter and of the general statutes on this subject were incorporated therein [in the certificates] for the benefit of those who purchase property at tax sales, and to secure them against loss of the money invested; a right of refundment being an assurance that if they in fact received no valid title from the city or state, as the case might be, by the purchase at the tax sale, they should, upon that fact being judicially determined by a competent court, receive a return of their money." That is to say, the owner of a certificate had, under the law in force when the certificates were issued, a vested contract right to receive (1) a valid title to land on compliance with the statutory requirements; (2) his money invested, with interest, upon redemption; (3) or his money invested, with interest, upon the final judicial declaration of the invalidity of his certificates. This view of the law appears plainly and unmistakably throughout the whole course of relevant judicial opinion in this state. Counsel and investors have relied upon it, and have had a right to rely upon it. The litigation in the case at bar adjudging the present certificates to be void (Otis v. Weide, supra) was in absolute good faith on the receiver's part beyond any possibility of controversy. The city of St. Paul submitted a brief on appeal. The plaintiff adopted and this court considered that brief. It would logically follow that the plaintiff is entitled to refundment. This is true if it be assumed, as, for purposes of convenience, it will be, that the first judgment was in fact invalid.

The substance of the city's contention is: The adjudication, to which the plaintiff here was a party, that the first judgment was void, estops this plaintiff from asserting that it was in fact valid; and therefore, so far as this action is concerned, the present certificates are valid.

The result is a reductio ad absurdum. Plaintiff is, in fact, estopped by the judgment entered pursuant to the opinion of this court in Otis v. Weide, supra, from asserting that these certificates are good. He is, according to the city, estopped by the judgment in 1894 from asserting that they are bad. He is entitled to no rights in the premises because by this court the certificates have been held void. According to defendant, he is entitled to no refundment, because, by estoppel, the certificates are good. It is unnecessary to enter into a discussion of the subtleties of estoppel by judgment in such a case. A careful analysis of the principles on which that doctrine rests, and of the authorities most nearly in point or analogous, would not, we are inclined to think, result in the necessary stultification of the justice of the doctrine involved in the city's position. But, conceding a direct conflict to be the inevitable result of following the reasoning as to estoppel to its logical conclusion, and of also following the reasoning as to the rights of refundment ordinarily accruing under the city charter to its logical conclusion, we think that plaintiff's statutory rights of refundment must prevail.

The true view of the case we conceive to be this: When the city made the second sale on the second judgment, it entered into a new transaction. It made a new contract with the purchaser at such sale. It held a public auction, at which any qualified person might buy. By the issuance of certificates to any such purchaser, it agreed that the purchaser would receive either a valid title or have his money returned with interest, upon redemption or adjudication of invalidity. If a third person had bought these certificates, and in due time had brought a suit to quiet title against the owner of the land, and if it had been finally determined in good faith that the judgment upon which these certificates were issued was legally invalid, he would clearly have been entitled to refundment. If he had bought one half and the present plaintiff the other half of these certificates, and if it had been adjudicated that all the certificates were void because of the defective judgment, the city's position must be that the stranger would have been, and the plaintiff would not have been, entitled to refundment. In fact and in law the contract would have been the same. In common justice the rights under the contract must have been the same. Such a stranger would have been under no obligation to protect his interest

under his certificates against the foreclosure of the investment company's mortgage. That mortgagee stood in the shoes of the owner. The rights of a certificate holder were the same against him as against the owner himself. The plaintiff was no more compelled to protect his certificates against that foreclosure than such a stranger would have been.

It is not material whether the city may or may not be able to reassess the property. It may be that it must lose the amount it refunds. None the less it must bear the consequences of its own fault, and live up to its own contracts. Plaintiff had a right to expect that he would either get title to the land or get his money back. It has been determined that he had no title. He is entitled to his money.

Judgment reversed, with instructions to proceed in accordance with this opinion.