MINNESOTA DEBENTURE COMPANY v. WILLIAM E. HARRINGTON
and Others.[1]

March 27, 1908.

Nos. 15,366—(111).

**Taxes—Notice of Redemption.**

> A notice, to eliminate the right of redemption in the owner of land sold
> for taxes, stated the amount as follows: "$36.08, together with $94.11
> unpaid delinquent taxes, interest, costs and penalties accruing subsequent
> to said sale." There were in fact at the time the notice was given no
> unpaid delinquent taxes whatever. The notice is *held* void. The land-
> owner had not lost his right to redeem.

Action in the district court for Hennepin county to determine ad-
verse claims to certain real estate. Defendant Reed as administrator
of the estate of A. J. Finnegan, deceased, was allowed to answer as
an unknown claimant. The case was tried before Frederick V. Brown,
J., who found that as administrator defendant Reed was the owner
in fee of the land described, subject to the lien of the plaintiff for
certain taxes paid by it. From the judgment entered pursuant to the
finding, plaintiff appealed. Affirmed.

*Tryon & Booth,* for appellant.

*Fred W. Reed,* for respondents.

JAGGARD, J.

Plaintiff brought an action to determine adverse claims to real es-
tate. Defendant answered as an unknown claimant. Plaintiff relied
on a tax title. Judgment was rendered that defendant owned the land
and that plaintiff had only a lien under his tax title. This appeal
was taken from the judgment.

The initial question is whether the notice to eliminate the right of
redemption in defendant was sufficient in law. The matter in issue is
whether the statement of the amount conformed to law. The notice
read, as to the part involved: "Now you are hereby notified that the
amount required to redeem said lot from said sale, exclusive of the

[1] Reported in 115 N. W. 746.

costs to accrue upon this notice, is $36.08, together with $94.11 unpaid delinquent taxes, interest, costs and penalties accruing subsequent to said sale." The sum of $36.08 so named was the amount of 1898 taxes, with interest. The taxes for 1899, 1900, 1901, had been paid, not by the landowner, but by the certificate holder. There were in fact at the time the notice was given no unpaid delinquent taxes whatever. We are of opinion that the notice was therefore void. It is elementary that the statutory provisions generally which are designed to pay the state's tax by the sale of the land on which it is a lien are construed as mandatory. The property owner loses his land through a tax title only when the strict performance of statutory requirements has been affirmatively shown. More specifically, the notice, to eliminate the right of redemption in the landowner, must conform strictly to statutory requirements, and must in particular state the amount of money to be paid certainly, or in such a manner that it can be certainly calculated, in order that. redemption may be effected. The statement of the amount in this case did not conform to the standard of the law. Redemption by the landowner from tax titles is favored by the law. The owner here had not lost his right to redeem.

Affirmed.