STATE EX REL. CENTRAL HANOVER BANK AND TRUST COMPANY OF NEW YORK AND OTHERS v. AL P. ERICKSON.[1]

March 27, 1942.

No. 33,182.

[1]Reported in 3 N. W. (2d) 231.

*Frank J. Williams,* Assistant County Attorney, and *Karl W. Windhorst,* Special Assistant County Attorney, for appellant (respondent below).

*Kingman, Cross, Morley, Cant & Taylor,* for respondents (relators below).

LORING, JUSTICE.

Respondents, who owned part of a parcel of real estate in the platted portion of Minneapolis which had been sold as a whole

to the state for taxes, petitioned the district court for an alternative writ of *mandamus* directing appellant, the auditor of Hennepin county, to show cause why he should not apportion the tax judgment under which the parcel was sold so that respondents could redeem their part of the parcel by paying their proportionate share of the tax judgment under Mason St. 1927, §§ 2158 and 2160. The writ was issued and the case tried. The court filed findings of fact and conclusions of law entitling respondents to a writ directing the auditor to make the apportionment. The auditor moved for amendment of the findings and conclusions or for a new trial. The court amended the findings of fact in part (conclusions of law not affected) and denied the motion for a new trial. The auditor appealed. The order is appealable only as it denies a new trial.

The parcel of land involved in this proceeding is the site of the Minnesota Theatre in Minneapolis. Formerly this property was described as lots 1, 2, 3, 4, 16, and 17 of block 16 of Wells, Sampson & Bell's Addition to Minneapolis. Respondents own the property formerly described as lots 16 and 17. December 1, 1926, respondents leased lots 16 and 17 to the Minneapolis Theatre Company for 88 years and 5 months. Lots 1, 2, 3, and 4 belonged to others and were also leased to that company for the same period. The leases required that the theater company erect a theater and commercial building, that the company pay the taxes, and provided that upon termination of the lease, in case of default, all buildings and equipment located on the leased land should belong to the lessors. The building was erected as specified. The lease from respondents to the theater company was terminated October 1, 1941, and respondents will get possession April 18, 1942, if the lessee does not redeem.

August 15, 1927, lots 1, 2, 3, 4, 16, and 17 were replatted as lot 1 (the portion upon which the theater section of the building is located), and lot 2 (the portion upon which the commercial section of the building is located) of Auditor's Subdivision 173. Respondents were duly notified but made no objection. The land

formerly described as lots 16 and 17 comprises the southeasterly 100 feet of lots 1 and 2 of Auditor's Subdivision 173. Five complete stores, part of a sixth store, the theater stage, and part of the auditorium are located upon this 100 feet. Four stores and part of a fifth and the rest of the theater are located on the land formerly described as lots 1, 2, 3, and 4 of Wells, Sampson & Bell's Addition.

Ninth Street South

NOTE:
    The double line indicates the boundary between the two lots of the re-platting.

Lots 1 and 2 of Auditor's Subdivision 173 were assessed separately from 1927 through 1935, but from 1936 to 1940 they were assessed as one parcel. Judgment was entered for the 1938 taxes assessed against said lots 1 and 2, and they were sold and bid in

by the state as one parcel. Delinquent 1939 taxes attached to the sale.

Respondents requested the auditor to apportion the delinquent taxes and tax sales so that they could redeem that portion of lots 1 and 2 of Auditor's Subdivision 173 owned by them. The auditor refused, and this action followed.

The assignments of error are faulty but attempt to challenge (1) respondents' right to the apportionment; (2) a ruling below barring certain testimony offered by appellant; and (3) the constitutionality of Mason St. 1927, § 2160, should that statute be held to apply to the case. The landowner does not challenge the replatting, the assessment, or the tax judgment, but merely seeks apportionment so that he may redeem his property by paying only his proportionate share.

1. The right to redeem from a tax sale is a statutory right. State ex rel. Lee v. Schaack, 28 Minn. 358, 10 N. W. 22. Mason St. 1927, § 2158, states:

"Any person claiming a specific part of any parcel of land sold for taxes may redeem his specific part by paying such proportion of the amount required for redemption as the value of such specific part bears to the whole."

Section 2160 states in part:

"When a partial redemption is asked for pursuant to (R. L.) § 952 [same as § 2158] or § 953, the county auditor, after notice to all parties interested, shall determine the proportion to be paid by the person applying to redeem, and his decision shall be final thereon."

Section 2160 also provides for the manner of service of notice of the day fixed for the determination.

Appellant contends that because respondents' land supports part of a building covering the entire parcel sold for taxes respondents do not own a "specific part" of the parcel and are not entitled to redeem pursuant to § 2158. Section 2158 is one of four sections (§§ 2156, 2157, 2158, and 2159) authorizing partial redemption in

certain situations. These sections are part of Ex. Sess. L. 1902, c. 2, and all relate to redemption from tax sales. Consequently they must be read together when the construction of any one of them is challenged. Section 2156 authorizes anyone claiming an "undivided part" of a parcel sold for taxes to redeem his interest by paying his proportionate share of the delinquent taxes. In contrast, § 2158 authorizes one claiming a "specific part" to redeem his interest. "Specific part," as pointed out by respondents, is the antithesis of "undivided part," and must refer to any portion of the parcel sold having a definite geographical boundary. The legislative history of earlier statutes providing for proportional redemption and the few cases discussing them, viz., State ex rel. Lee v. Schaack, 28 Minn. 358, 10 N. W. 22, and Wade v. Drexel, 60 Minn. 164, 62 N. W. 261, substantiate this interpretation.

Appellant also contends in effect that the language of § 2158 as applied to the case at bar reaches such an impractical result as to negative a legislative intent that the statute should apply in such a situation. He bases this contention chiefly upon the ground that "the aggregate value of the several sections of the building and ground underneath would be much less than the total value of the entire building and ground as a single parcel."

None of the courts in the cases cited by appellant as authority for this contention faced the problem here presented.

Section 2158 makes no exceptions. The tenor of the sections referred to indicates a legislative purpose to encourage redemption. As early as 1884, this court, speaking through Mr. Justice Mitchell, stated that redemption statutes, because of their remedial nature, were to be construed "liberally and beneficially" for the owner. See Merrill v. Dearing, 32 Minn. 479, 480, 21 N. W. 721; also Otis v. City of St. Paul, 102 Minn. 208, 211, 113 N. W. 269; Minnesota Debenture Co. v. Harrington, 104 Minn. 16, 17, 115 N. W. 746.

That the aggregate value of the several parts may be less than the value of the parcel as a whole does not render it impossible or impractical to apportion. In Wade v. Drexel, 60 Minn. 164, 62

N. W. 261, a person holding a judgment lien against the rear one-third of a lot was permitted to redeem that one-third by paying a portion of the taxes for which the lot had been sold as a whole. The fact that there were separate improvements on the two portions of the lot does not distinguish that case in principle from the instant case. It may be more difficult to apportion here, but that fact does not excuse the auditor from performing.

We feel that the auditor can readily determine the value of respondents' premises as a segregated part and the aggregate value of all the segregated parts as such parts, and thus determine the amount required of respondents to redeem their part. The fact that the whole property may in the future contribute less taxes is beside the point. The legislature has provided for the apportionment, and the various owners cannot be compelled to keep their property as a single unit merely to provide the state with more taxes.

Thus respondents, as fee holders of the southeasterly 100 feet of lots 1 and 2 of Auditor's Subdivision 173, formerly described as lots 16 and 17 of block 16 of Wells, Sampson & Bell's Addition to Minneapolis, own a "specific part" of the parcel sold for taxes and are entitled to redeem their property. The auditor must apportion the tax judgment for that purpose.

We see no merit in the auditor's contention that respondents have an adequate and speedy remedy at law by redemption under § 2162. A reading of the section is sufficient answer.

2. Appellant's counsel called the city assessor as a witness and, basing his questions upon a hypothetical fact situation similar to the one in the case at bar, asked his opinion (1) as to whether the value of a specific part as compared to the value of the whole parcel could be determined, and (2) how a division of the taxes would affect the value of the remaining portion of the parcel. In view of what we have already said, this evidence was irrelevant, immaterial, and incompetent. Respondents' objections to the questions upon those grounds were properly sustained.

3. The auditor challenges the constitutionality of Mason St. 1927, § 2160, which imposes upon the county auditor the duty of determining the amount required to redeem from a tax sale of a parcel of land, where the applicant seeks redemption of a specific part of the whole parcel. He asserts that judicial functions are attempted to be imposed upon an administrative officer contrary to the provisions of Minn. Const. art. 3, § 1. We regard this challenge as founded upon a misapprehension of the character of tax proceedings and of what are and what are not judicial functions in connection therewith. Taxation is primarily a legislative function, and the steps taken under the authority of the legislature are administrative in character, in which judicial assistance may be invoked as a matter of convenience, because, with its assistance, the rights of parties and the interests of the public can be best protected and conserved. But the legislature might have authorized such proceedings to be conducted from beginning to end before or by administrative officers or bodies. Such functions are "not 'judicial,' in the strict sense." City of Duluth v. Dibble, 62 Minn. 18, 27, 63 N. W. 1117, 1119.

Here, the state's lien for taxes has ripened into a judgment which is subject to redemption under conditions prescribed by the legislature, and we see no more constitutional objection to imposing upon the auditor the duty of finding values upon which the apportionment of the taxes depends than there is in imposing like duties upon other administrative officers in tax proceedings. At most, such duties are only quasi judicial. Stewart v. Case, 53 Minn. 62, 66, 54 N. W. 938, 39 A. S. R. 575.

By the terms of the statute, the auditor is required to give to all parties interested notice of the nature of the application and the day fixed by him for its determination. The implication of a hearing is compelling. We think the constitutional challenge is ill founded.

Order affirmed.