STATE OF MINNESOTA, vs. WILLIAM H. GRANT, impleaded, &c.

The State of Minnesota has capacity to sue.

The statute conferring power upon any Judge of the Supreme Court to allow writs of habeas corpus, is not in conflict with the State Constitution.

Taking of recognizances in the course of proceedings on writs of habeas corpus, is within the jurisdiction of a Judge of the Supreme Court.

In a recognizance taken before a Judge of the Supreme Court, it is only necessary that it appear upon the face of the recognizance that it was taken in a case in which the Judge might take a recognizance, and is conditioned to do some act for the performance of which a recognizance may properly be taken.

A recognizance taken out of Court cannot become a record until it is filed in the proper Court, and it must be a record before it is a complete obligation.

In a recognizance in a criminal case entered into by the Defendant and a surety conditioned for the appearance of the Defendant to answer, &c., it is not essential that the surety be called ; if the Defendant is called and fails to appear it is a breach of the recognizance, although the better practice is to call the surety also.

In an action upon a recognizance it is not necessary to allege that the penalty has not been paid,

The proceedings in case of the forfeiture of a recognizance are prescribed by statute, *chapter* 103, *sections* 28–9–30–1 ; all that would seem to be required by this statute before bringing an action to recover the penalty of the recognizance, is a record of the default of the person under recognizance.

This action was brought in the District Court of Carver county upon a recognizance entered into before the Hon. Lafayette Emmett, then Chief Justice of the Supreme Court, at Chambers, in certain proceedings upon a writ of habeas corpus allowed by said Justice on the application of Defendant Pittman. The certificate of the Chief Justice, the recitals, and condition of the recognizance sufficiently appear in the opinion of the Court. The complaint sets out the recognizance at length ; alleges its execution by Defendants ; that at the next general term of said District Court after the execution of said recognizance the said Pittman was indicted upon the charge and for the offence mentioned in the recognizance; that said Pittman being duly called to answer said indictment, did not appear, whereupon his default was entered by the Court and said recognizance declared forfeited and demands judgment for the amount of the recognizance and interest. The Defendant William H. Grant appeared, and demurred to the complaint upon the following grounds : 

I.—Because it appears on the face of said complaint that the Plaintiff has no legal capacity to sue.

II.—Because said complaint does not state facts sufficient to constitute a cause of action.

1. Because it does not appear that any such proceedings were had before the said Lafayette Emmett, as to authorize or empower

State of Minnesota v. Grant.

him to demand or receive the recognizance set forth in the complaint.

2. Because it does not appear that any offence has been committed, or that there was probable cause to believe the said Ephraim Pittman guilty of any offence.

3. Because it does not appear that there has been any examination of said Pittman, or that he had been required to give bail, or had been committed for trial.

4. Because it does not appear that said Emmett, as such Justice, inquired into said case before admitting said Pittman to bail.

5. Because it does not appear that said Emmett had any power, authority or jurisdiction to take said recognizance.

6. Because it appears that this Defendant was received and executed said recognizance as bail, and not as surety, as required by the order of said Court.

7. Because it does not appear that said recognizance was ever, at any time, filed for record in the office of the Clerk of the District Court where said Pittman was to appear.

8. Because it does not appear that the recognizance set forth in the complaint, is of record.

9. Because it does not appear that there has ever been any forfeiture of said recognizance against this Defendant.

10. Because said complaint does not allege that said sum of money, mentioned in the recognizance, has not been paid.

11. Because it does not appear that the said judgment of the forfeiture of said recognizance was entered of record.

The demurrer was overruled by the Court below, and judgment entered therein against the Defendant Grant for the amount of the recognizance, interest and costs. Defendant Grant sued out a writ of error, and removed the cause to this Court.

GRANT & FREEMAN for Plaintiff in Error.

The Court below erred in overruling the demurrer for the following reasons :

I.—The jurisdiction or authority of the Court or Judge to take

the recognizance must appear by the recognizance itself, or it will be void, and must also be alleged in the complaint.

"A recognizance for the appearance of the party in a criminal prosecution should state in substance all the proceedings which show the authority of the magistrate or Court to take it." 2 *Greenleaf*, 62; 7 *Hill*, 39; 7 *Mass.*, 280; 11 *Id.*, 337; 16 *Id.*, 198; 23 *Wend.*, 49; 4 *Gilm.*, 433; 7 *Hill*, 39; 6 *Wend.*, 488; 9 *Id.*, 237; *Willes' Rp.*, 199; *Id.*, 413; 6 *Cowen*, 221.

II.—The Supreme Court of Minnesota is a Court of special and limited powers, and the Judges thereof at Chambers are magistrates whose powers are strictly defined and limited by law. *Art. 6, Sec. 2, Con. of Minn. ; Sec. 4, Chap. 56, Comp. Stat. ; Sec. 26, Chap. 73, Id.;* 6 *Minn. R.*, 114; *Id.*, 150.

III.—"A recognizance taken where the Court has no authority to act, is void." 11 *Mass.*, 337; 7 *Id.*, 280; 12 *Id.*, 419; 16 *Id.*, 198.

IV.—That said recognizance is void and said complaint defective and insufficient, because there is nothing in either to show that Defendant Pittman was legally arrested and confined, or that he ever had any examination before any magistrate whomsoever, in regard to said charge of larceny or any other charge. Nor does it appear that there was ever any investigation or any evidence offered in relation to said charge, either before the Chief Justice who took the recognizance, or before a committing magistrate. Nor that either the said Chief Justice or committing magistrate ever made any inquiry in regard to the probable guilt or innocence of the prisoner. Nor that they or either of them ever came to any conclusion or determination in regard to his guilt. Nor that they or either of them had probable cause or any cause to believe, or that either of them did believe him guilty of any offence whatsoever. Nor that said Chief Justice decided to commit or remand him for trial, or required him to give bail. Nor that he was ever committed by any magistrate, or by any person authorized by law to act in the premises. Nor that any offence had been committed. *Sec. 44, Chap. 73, Comp. Stat.;* 16 *Mass.*, 446; 7 *Hill*, 39; *Id.*, 44; *Park. Crim. Rep.*, Vol. 2, 571–574; *Id., Vol.* 3, 320–323.

V.—That said Defendant Pittman could not waive any objections to the legality of his caption and detention as stated in said recognizance; and that if said arrest and imprisonment were illegal, such alleged acts would be absolutely void for duress. *Black. Com., Book* 1, 136; 4 *Park. Crim. Rep.*, 45.

VI.—That no action can be maintained upon said recognizance until it is filed or made a record of the Court in which it is returnable; and that said complaint does not allege that said recognizance has ever been filed or made a record as aforesaid. 10 *Wend.*, 472; 4 *Id.*, 393; 4 *Park. Crim. Rep.*, 45; *Sec.* 25, *Chap.* 103, *Comp. Stat.;* 4 *Conn.*, 641; 9 *Gray*, 258; 7 *Conn.*, 209; 14 *Ill.*, 312; 4 *Gilm.*, 433; 9 *Conn.*, 350; 4 *Wend.*, 388.

VII.—That it does not appear by said complaint that any default or forfeiture of said recognizance was ever declared or entered against the Defendant Grant. Nor does it appear that judgment of forfeiture was ever entered against either of said Defendants. *Kennedy vs. People*, 15 *Ill.*, 418; *People vs. Hill*, 19 *Ill.*, 167; *Thomas vs. People*, 13 *Ill.*, 696; *Sec.* 31, *chap.* 103, *Comp. Stat.*

VIII.—That said complaint shows no cause of action against the Defendant Grant.

It neither alleges that said recognizance was declared forfeited as regarded him; nor that any default on his part was declared or entered; nor does it charge him with any default; nor that judgment of forfeiture had been entered against him; nor does it even allege that he had not paid the sum mentioned in said recognizance, and complied on his part with every particular of the conditions thereof. *Chitty on Pleading, Vol.* 2, 475, *note P.; People vs. Tilton et al.*, 13 *Wend.*, 597; *Van Sant. Plead.*, 239.

G. E. COLE, for Defendant in error.

I.—The cases cited by the Plaintiff in error, in 7 *Mass.* 280, 11 *Mass.* 337, *and* 16 *Mass.* 198, *and* 23 *Wend.* 49, were all cases in which the absolute want of authority of the Court to require or receive it, appeared affirmatively on the face of the recognizance.

II.—The cases in 6 *Wend.* 438, 9 *Wend.* 237, *Willes' Reports*, 199, *and* 6 *Cowen*, 221, also relied on by the plaintiff in error, merely hold the established doctrine that in pleading the judgments of inferior tribunals the facts necessary to jurisdiction must be pleaded, and the distinction between them and a case like that at bar, where the charge or burden springs from the voluntary act of the party, is briefly but conclusively shown by Chief Justice Bronson, in *People vs. Kane*, 4 *Denio*, 545.

III.—The cases of *People vs. Koeber*, 7 *Hill*, 39, *and People vs. Young*, 7 *Hill*, 44, are the only cases cited having any tendency to support the objections to the recognizance, and these have been repeatedly overruled by the Court in which they were decided. *People vs. Kane*, 4. *Denio*, 530.

And by the Court of Appeals, *Champlin vs. The People*, 2 *Comstock*, 82.

IV.—A recognizance need not recite the special facts, which gave the officer authority to act in the particular case in which it was taken. It is enough, if he had jurisdiction in cases of that general description, and it appears that the condition is to do something to which a party may legally be bound by recognizance. *See cases cited to last point.*

V.—The breach of the condition of the recognizance is sufficiently alleged. *Secs.* 28 *and* 31, *page* 748, *Comp. Stat.; People vs. Higgins*, 10 *Wend.* 465.

VI.—If the Defendant has paid the amount of the recognizance, it is matter of defence, and must be pleaded by him—it is no part of the condition. *Section* 29, *page* 748, *Comp. Stat.*

VII.—The omission to state in the complaint that the recognizance was duly filed of record, may be sufficient to sustain the demurrer. It may be observed, however, that the cases holding this doctrine were decided under peculiar statutes, (*People vs. Haven*, 4 *Parker*, *Cr. Rep.* 52,) and that our statute does not in terms require it. *Sec.* 25, *page* 747, *Comp. Stat.*

VIII.—Should the demurrer be sustained upon this ground, it is respectfully suggested that the order contain leave to the County Attorney of Carver County to amend within twenty days after

service of the notice of the decision upon him.   *Chapter* 21, *Laws of* 1861.

*By the Court*—McMILLAN, J.—This is an action brought by the State of Minnesota against Grant impleaded with Pittman, upon a recognizance entered into by them, conditioned for the appearance of said Pittman to answer any indictment that might be preferred against him touching a charge of larceny made against him on the oath of one Jacob Brihoffer. Grant, the Defendant below, demurs to the complaint.

There are two substantive grounds of demurrer:

1. That the Plaintiff has no legal capacity to sue.

2. That the complaint does not state facts sufficient to constitute a cause of action.

We do not consider it necessary to discuss the first ground of demurrer. We are clearly of opinion that it is not well taken.

The Defendant urges several objections in support of the second ground of demurrer.

The recognizance in the case appears to have been taken at Chambers before the Hon. Lafayette Emmett, Chief Justice of the Supreme Court, in the course of proceedings upon a writ of habeas corpus allowed by the Chief Justice on the application of Pittman. It appears from the certificate of the Chief Justice certifying the recognizance, that in obedience to the command of a writ of habeas corpus, allowed by his honor on the application of Pittman, directed to the Sheriff of the county of Ramsey, the said Sheriff appeared before him having with him the body of the said Pittman, together with said writ and the day and cause of the caption and detention of the relator, Pittman; that on the return of the writ the said Pittman waived all objection to the legality of said caption and detention and asked to be admitted to bail. It further appears from the recitals in the recognizance that said Pittman was charged upon the oath of one Jacob Brihoffer, of the county of Carver, Minnesota, with having on the 11th day of March, 1862, at the said county of Carver, committed the crime of larceny, by " wilfully, maliciously and feloniously steal-
        vol. x.—7

ing, taking and carrying away two bay mares of the value of three hundred dollars, and two sets of harness of the value of thirty dollars, and one sled of the value of twenty dollars, all the property of Ernest Popitz, of said county of Carver," and that said Pittman was committed to answer said charge.

The power to issue writs of habeas corpus is expressly conferred upon any Judge of the Supreme Court by the statute. *Pub. Stat., Chap.* 73, *Sec.* 26.

Under the Constitution of the United States, which so far as the principle involved in this case is concerned, is not materially different from that of our State, the power of Congress to confer upon the Supreme Court of the United States the authority to issue writs of habeas corpus otherwise than in the course of its appellate jurisdiction, was very ably and elaborately discussed before, and maturely considered by that Court, and while there was a difference of opinion in regard to the constitutionality of the law conferring the power upon the *Court*, there appeared to be no doubt in the mind of any member of the Court as to the constitutionality of the act so far as the power was conferred upon the *Judges* of that tribunal. *Ex parte Bollman and Swartwout*, 4 *Cranch.*, 75.

Whatever, therefore, may be the power of the Judges of this Court to take recognizances generally, we are of opinion that the statute conferring jurisdiction to allow writs of habeas corpus, is not in conflict with the Constitution, and that the taking of recognizances in the course of proceedings on writs of habeas corpus is within the jurisdiction of the Judges of this Court.

The Chief Justice, therefore, having this jurisdiction, it is only necessary that it appear from the recognizance that it was taken in a case in which he might take a recognizance, and is conditioned to do some act for the performance of which a recognizance may be properly taken. It is true there are authorities which hold a contrary doctrine. The cases of *The People vs. Koeber*, 7 *Hill*, 39, and *The People vs. Young*, 7 *Hill*, 44, hold the doctrine that when a recognizance is taken before a Court or officer of limited jurisdiction, facts which confer the jurisdiction must appear from

the recognizance, otherwise it will be void.   But these cases are distinctly overruled by subsequent decisions in New York, by a majority of the Court, in *The People vs. Kane*, 4 *Denio*, 530, and unanimously by the Court in *Champlin vs. The People*, 2 *Comstock*, 82.   In the latter cases the error of the former decisions in applying the same rule to a recognizance, which is a voluntary obligation, as to a mittimus or other proceeding of that nature to which the assent of the party could not be presumed or supposed, is clearly pointed out.

From an examination of the following authorities cited by the Plaintiff in error, we find the case of 7 *Mass.*, 280, was one where a Justice took a recognizance to a party for treble damages in an action for receiving stolen goods where no such damages were authorized by statute.   In 11 *Mass.*, 337, the Justice took a recognizance in a case of murder, which was not a bailable offence. In 19 *Mass.*, 197, a Justice of the Peace took a recognizance after a verdict of guilty in a court of record, which was held to be illegal, and in the case in 23 *Wend.*, one Justice took a recognizance where two Justices were required to act.   In all these cases it will be perceived that the recognizances appeared upon their face to be void for want of jurisdiction in the officers taking them. They are not, therefore, applicable as authorities in this case, as an entirely different state of facts exist in this instance.   But the recitals in the recognizance in this case are so full, that it is scarcely necessary to apply the rule of law applicable to such cases.   It does not appear, it is true, that any examination was had before the Chief Justice upon the return of the writ of habeas corpus, but it does appear that the Defendant expressly waived all objections to his caption and detention and asked to be admitted to bail.   This it was entirely competent for him to do.   It is well remarked by Ruggles, J., in delivering the opinion of the Court in *Champlin vs. The People*, cited *ante :* "Although an offender is entitled to the benefit of all the forms and provisions contained in the statute, in relation to his arrest, examination and order for commitment before he can be *compelled* to enter into a recognizance to appear and answer, yet he may waive those forms,

and when charged with an offence may prefer to give bail at once, without waiting for an arrest or an examination according to the forms prescribed in the statute. This is not unfrequently done, and no doubt can be entertained of the validity of a recognizance taken under such circumstances." These remarks apply with even greater force to proceedings on habeas corpus, which are instituted at the instance of the prisoner and for his benefit, than to the case of an arrest. So far, therefore, as the first five objections are concerned, we are of opinion they are not well taken.

The sixth objection is based upon a mistake of the fact shown by the record. The order of the Chief Justice, as appears from the record, is that Pittman be admitted to bail upon entering into recognizance, &c., with sufficient *security*, &c., the order, therefore, is strictly complied with in taking the Defendant Grant as *bail*. But even if the fact was as is supposed by the Plaintiff in error, we do not think the objection would be a valid one.

The seventh and eighth objections are substantially the same; that it does not appear that the recognizance was filed. A recognizance is an obligation of record which a man enters into before some court of record or magistrate duly authorized, to do some particular act, as to appear at the assizes, &c. 2 *Bl.*, 341.

A recognizance taken out of Court cannot become a record until it is filed in the proper Court, and it must be a record before it is a complete obligation. This is the common law doctrine on the subject, (2 *Tidd's Pr.*, 1132,) and prevails in the absence of statutory change. The objection, therefore, is fatal to the complaint.

The ninth objection is that it does not appear that there has ever been any forfeiture of said recognizance as against the Defendant.

The allegations of the complaint on this point are that the said Defendant, Ephraim Pittman, being duly called by said Court to answer the said indictment, found as aforesaid, did not appear at said general term of said Court to answer to said indictment as required by his recognizance, neither did any one appear to make answer for him. The point of the objection, we apprehend, is

State of Minnesota v. Grant.

that the bail was not called with the principal.   This is not essen-
tial, although we regard it as the better practice.   The condition
of the recognizance is that the Defendant Pittman appear, and
his failure to appear when called was a breach of it.

The tenth objection is that it does not appear that the sum of
five hundred dollars [the penalty of the recognizance] has not been
paid.   This is not necessary.   Payment is matter which may be
pleaded in defence as in other cases.

The remaining objection is that it does not appear that the judg-
ment of forfeiture was entered of record, or in any manner re-
corded.

The complaint after alleging the calling of the defendant Pitt-
man and his failure to appear, avers, " whereupon his default was
recorded by said Court and said recognizance adjudged forfeited."

The proceedings in case of the forfeiture of a recognizance are
prescribed by statute, *Chap.* 103, *secs.* 28, 9, 30, *and* 1.   All that
would seem to be required by this statute before bringing an ac-
tion to recover the penalty of the recognizance is a record of the
default of the person under recognizance.   *Sec.* 28, *cited ante.*
The record of the default is averred in this complaint.   The objec-
tion is not well taken.

The complaint however is defective in not alleging the filing
of the recognizance in the proper court, and on this ground the
demurrer should have been sustained.

The judgment must therefore be reversed, with leave to the de-
fendant in error to amend the complaint within twenty days after
the service of notice of this order upon the County Attorney of
Carver County.   The cause is remanded to the court below for
further proceedings in accordance with this opinion.