STATE OF MINNESOTA *ex rel.* Edward J. Davenport, Administrator, *vs.* FRANK S. McDONALD.

## July 7, 1879.

**Tax Sales in Hennepin County.**—To a sale in Hennepin county, under Laws. 1875, *c.* 7, for taxes becoming delinquent in and prior to the year 1873, the provisions of Laws 1874, *c.* 2, in relation to assignment of the certificate where the property was bid in by the state, and in relation to redemption, are applicable.

**Tax Sales—Notice of Expiration of Time for Redemption.**—Laws 1877, *c.* 6, § 37, does not apply to cases where, at the time of its passage, the title sold, under the act of 1874, was vested in others than the state.

*Mandamus*, to compel the auditor of Hennepin county to issue to the relator, in accordance with a demand made therefor on March 28, 1879, a statement showing how much was then required to be paid to effect a redemption of certain land belonging to the estate of relator's intestate from a tax sale made December 1, 1875, in pursuance of a tax judgment entered in the district court for that county, on July 28, 1875, in proceedings under Laws 1875, *c.* 7, to enforce payment of delinquent taxes for the years 1870, 1871 and 1872. At the tax sale, the land was offered, and for want of other bidders. was bid in for the state, and the auditor executed an assignment to the state. On August 31, 1876, the then auditor of the county, in consideration of the payment, by one Hitchings, of the amount for which the land had been bid in for the state, with all subsequent taxes, penalties and interest, assigned to him all the right, title and interest of the state in the land. No notice was given of the time when the period

of redemption would expire, nor were any of the provisions of Laws 1877, c. 6, § 37, complied with by Hitchings or the auditor.    On the return of the alternative writ, the respondent moved that it be quashed.

*Henry J. Horn,* for relator.

*Shaw & Levi,* for respondent

GILFILLAN, C. J.    The officers of Hennepin county omitted to institute the proceedings provided by Laws 1874, c. 2, to "enforce the payment of taxes which became delinquent in and prior to the year eighteen hundred and seventy-three." To remedy this, the legislature passed Laws 1875, c. 7, which, after reciting the omission, provided that the auditor of the county should file, on the third Monday in May of that year, the list provided in the act of 1874, and that "in all other respects, proceedings in the matter of enforcing the payment of said taxes, so delinquent, shall be as provided for in said act."    Pursuant to this, judgments were obtained against the lands delinquent, and, on December 1, 1875, the sales under it were had.    Among other lands, that claimed by the relator as belonging to the estate which he represents was sold, and bid in by the state, and the certificate required by the law executed.    On August 31, 1876, one Charles Hitchings paid into the county treasury the amount required by law to entitle him to an assignment from the state, and such assignment to him was thereupon executed by the county auditor.

Laws 1877, c. 6, § 37, required every person holding a tax certificate to present the same to the county auditor at least ninety days before the expiration of the time to redeem, and requires the auditor to issue a notice of the time when the redemption period will expire, to the person in whose name the land was assessed, and provides for serving that notice. The purpose of this was apparently to make the lapse of the right to redeem depend on the presenting the certificate and the service of the notice.    Hitchings did not comply with this act.    The relator claims that, by reason of this omission, the right to redeem has not expired, and applies for a *man-*

*damus* to compel the respondent, auditor of Hennepin county, to give him the certificate requisite to enable him to make the redemption.

The claim that there is still a right of redemption, is based on two propositions—*First*, that Laws 1875, *c.* 7, under which this sale was had, authorizes in Hennepin county only the "proceedings in the matter of enforcing the payment of said taxes so delinquent," as provided for in Laws 1874, *c.* 2; *second*, that proceedings to enforce the payment of taxes terminate with the sale of the land; consequently, there was no authority in the auditor to assign to Hitchings, and the title under the tax sale remains in the state. If this were so, there is no reason why Laws 1877, *c.* 6, § 37, if applicable to sales other than those under Laws 1874, *c.* 1, of which act the act of 1877 purports to be an amendment, should not apply to this case. There can be no doubt, however, that all the provisions of Laws 1874, *c.* 2, as well those provided after as before sale, are, within the meaning of Laws 1875, *c.* 7, "proceedings in the matter of enforcing the payment" of taxes. Their purpose is, as is indicated in the title of the act, to enforce such payment, and bring the amount of the taxes, penalties, interest and costs into the treasury. The provisions in regard to redemption and the assignment of the certificate are for this purpose. They are not merely for the protection of the owners. Any person, whether he have an interest in the land or not, may redeem or take an assignment. It is immaterial to the state who pays the amount due, so that it comes into the treasury; and all that the act requires, either for a redemption or assignment, is the amount due for taxes, penalties, interest and costs. The assignment to Hitchings was, therefore, valid. It was made prior to the passage of Laws 1877, *c.* 6. The legislature could not, by an act subsequent to that assignment, impair, to any extent, the right acquired by the assignee. That right was the fee simple of the land, subject to redemption as provided in the law under which the tax sale was made. Laws 1877, *c.* 6,

§ 37, could not be applied to a case where the right under the sale vested in any person other than the state, prior to its passage, without violating the constitution.

· The right to redeem had expired before the relator applied to the auditor for a certificate.

The writ is quashed