ALBERT S. KNIGHT *vs.* RICHARD VALENTINE and another.

### July 15, 1885.

**Tax Sale — Two Blocks Sold as One Parcel.**—A sale upon judgment, under the tax law of 1881, in respect to forfeited lands, is not avoided by the fact that the premises sold as one parcel consisted of two blocks of land, the judgment being for one entire sum against such blocks.

**Taxes—Payment—Description in Receipts.**—Tax receipts acknowledging the payment of taxes upon a subdivision of a governmental tract, the description of which is followed by the words "Exc. Oakland," or "Ex. Lots," *held* insufficient, without other proof, to show payment of taxes upon a particular lot situated within such subdivision, and comprising a part of "Oakland Addition to Minneapolis."

**Tax Sale — Proof of Prior Partial Payment.**— The judgment and sale for the taxes for several years are not avoided, or the tax title defeated, by proof of the payment of taxes for *some* of those years.

**Same—Prior Redemption as to Certain Years.**—A county treasurer's receipt of taxes "in full for redemption from all delinquent taxes" for

specified years, has not the effect of the payment of taxes for other years, not actually paid, there being no proof that the party was misled, or that he supposed that he was making complete payment of all taxes due.

Action in the district court for Hennepin county to determine adverse claims to real property lying in the city of Minneapolis. Upon the trial, before *Young,* J., the plaintiff introduced in evidence a tax judgment and certificate of sale. The only evidence introduced by defendants was for the purpose of showing payment of the taxes for which the judgment was rendered. Judgment was entered for plaintiff, and defendants appealed.

*Woolley & Reed,* for appellants.

*Ueland, Shores & Holt,* for respondent.

DICKINSON, J. The land in controversy is described as lot 1 of block 11 of Oakland addition to Minneapolis. The plaintiff's title is derived through a tax sale of this block, together with block 12 of the same addition, under a tax judgment entered against those blocks in September, 1881, for delinquent taxes of 1878 and several prior years. Laws 1881, *c.* 135.

The sale of the two blocks together as one tract of land was not invalid, the judgment being, as we understand from the record, against the two blocks for one entire sum. It is to be presumed that the two blocks against which the judgment was rendered constituted but one tract or parcel of land, and a sale of the same property was a proper enforcement of the judgment. Section 4 of the act referred to directs the sale to be made by the description contained in the judgment.

The defence against the *prima facie* title of the plaintiff acquired by the tax sale was an alleged payment of the taxes for the years for which the tax judgment had been rendered; that is, from 1872 to 1878, inclusive.

The taxes for 1876 and 1878 appear to have been paid. As to the other years, the proof of payment consisted of receipts of the county treasurer and tax duplicates claimed to show the payment of the taxes for those years upon a subdivision of a governmental tract within which the land in question is embraced. But in these receipts and duplicates, following the description of such subdivision, as the land

upon which the receipted tax had been paid, appear the words "Exc. Oakland" or "Ex. Lots." The court deemed this evidence not to be proof of payment upon the lot in controversy. We are of the same opinion. Upon the face of the evidence the fact claimed to be shown of payment of taxes upon the whole tract therein described is subject to whatever qualifications the words "Exc. Oakland" or "Ex. Lots" may import. If these terms, without explanatory evidence, should be deemed as importing the exception from the tract described of Oakland addition to Minneapolis, or of all platted lots, the receipts and entries "paid" in the tax duplicates would be no evidence of the payment upon the lot in question. If, however, these words had no definite meaning without explanatory evidence, as the appellants claim, it was incumbent upon the party relying upon the receipts as evidence (the appellants) to show the proper facts necessary to explain their meaning. It is to be presumed that they meant something, and the party relying upon the receipts could not decline to inform the court, by proper evidence, as to the import of these words, and ask the court to disregard them, and to read the instruments as though such words were not incorporated in them. At least, as to those receipts in which the words "Exc. Oakland" occurred, it seems apparent that those words are to be deemed as having some meaning, and they should be explained before the receipt should be taken as evidence of payment of taxes upon the whole body of land described. This evidence of payment as to the years 1872, 1873, 1874, and 1875 is thus qualified, and was clearly insufficient as proof of payment.

Although the taxes had been paid for some of the years included in the tax judgment, that was not sufficient to avoid the effect of the judgment and sale. The defence is incomplete unless payment is shown of all the taxes for which judgment was rendered. *Stewart* v. *Colter*, 31 Minn. 385.

The receipts of the county treasurer acknowledged the payments in full for redemption of the land described from all delinquent taxes and tax liens for the years specified in the receipts. These had not the effect of the payment of taxes for other years, which were not actually paid. This case is distinguished from *Forrest* v. *Henry*, 33

Minn. 434, by the fact, among others, that the defendant is not shown to have been misled or misinformed, or to have supposed that he was paying all the taxes charged upon the land.    We do not consider what might have been the result if there had been proof of such facts.

Judgment affirmed.