# COUNTY OF HENNEPIN v. INTER CITY REALTY & LOAN COMPANY.
## HICKS & COMPANY AND TREAT & COMPANY, RESPONDENTS.[1]

January 27, 1933.

Nos. 29,171, 29,176.

[1]Reported in 246 N. W. 537.

*Frank J. Williams,* Assistant County Attorney, for appellant county of Hennepin.

*Thomas C. Fitzpatrick* and *Phillips & Sherwood,* for appellant Inter City Realty & Loan Company.

*Drew & Cain,* for respondents.

LORING, JUSTICE.

This was a proceeding to enforce the 1929 taxes against certain property in Hennepin county. The appellant Inter City Realty & Loan Company allowed the second half of the taxes for that year to become delinquent and filed an answer alleging that the property was assessed at a grossly excessive valuation. Through an oversight the clerk failed to note the answer upon the delinquent list, and default judgment was entered against the property for the amount of the original taxes, penalties, and costs. May 13, 1931, at the annual delinquent tax sale under such judgment the property was bought by the respondents, who paid the amount of their bids into the treasury of Hennepin county.

October 26, 1931, the tax proceedings in which the answer had been filed were adjusted by a stipulation providing for a reduction aggregating $72,500, and the court ordered judgment accordingly. When this order for judgment was filed with the clerk it was discovered that the default judgment had been entered and that the sale had followed. The Inter City Realty & Loan Company promptly moved the court to vacate the default judgment and to cause judgment to be entered in accordance with the terms of the stipulation. The court granted the motion, vacating the default judgment and annulling the sale of the property pursuant thereto, but denied the motion for entry of judgment pursuant to the stipulation. It

granted a motion of the respondents for an order setting aside the stipulation and order of October 26, 1931, and ordered judgment against the property for the year 1929 on the basis of the exact amount agreed upon in the stipulation. It also ordered judgment in favor of the respondents for a lien upon the property for the amount of the taxes, as reduced, with interest from the date of the void sale at 12 per cent per annum, and that the property be sold by the sheriff as provided by law for the sale of real property on execution to satisfy the lien and costs. It further ordered judgment in favor of the respondents and against the county of Hennepin for a refundment of the difference between the taxes as reduced and the amount paid by them at the void tax sale, with interest thereon at the rate of seven per cent per annum from the date of the sale. The county of Hennepin and the Inter City Realty & Loan Company separately moved for a new trial, and from the orders denying their respective motions have appealed to this court.

It is the contention of Hennepin county that there is no statute under which it can be compelled to return to the respondents the excess which they bid at the tax sale over and above what the property should have been assessed. It is the contention of the Inter City Realty & Loan Company that the court should not have vacated the stipulation and the order for judgment made thereon and should not have decreed the taxes for the year 1929 in the proper amount to be a lien upon said premises for the immediate enforcement of which the sheriff was directed to make sale.

G. S. 1923 (1 Mason, 1927) § 2185, provides that when in any action or proceeding in court any tax judgment or tax sale shall be adjudged void for any cause occurring after the levy of the taxes embraced in such judgment or sale, the court shall determine and adjudge the amount of taxes and penalties to which said real estate is subject at the time of the entry of judgment and all subsequent taxes, penalties, interest, and costs, if any, paid thereon by the holder of the tax certificate, and shall adjudge a lien against the land in favor of such holder for the amount of the taxes, penalties, interest, and costs, with interest thereon at the rate of 12 per cent

per annum from and after the date of the judgment, sale, or payment, and shall also adjudge that the land subject to the lien shall be sold by the sheriff to satisfy it in the same manner as the sale of land on execution.

In our opinion § 2185 applied to this situation. The default tax judgment and sale which followed it were invalid because an answer had been filed, and they were properly vacated and set aside by the court, which then proceeded in accordance with the terms of § 2185 to adjudicate the proper tax against these premises and to adjudge said proper tax to be a lien thereon in favor of the respondents, who were purchasers at the void sale. The fact that the period of redemption from the sale subsequently made by the sheriff in enforcing the lien is shorter than it would have been in regular tax proceedings in no way affects the validity of the provisions of § 2185 as to tax judgments and sales occurring after its enactment. The legislature may fix such period of redemption as it desires. State ex rel. Lee v. Schaack, 28 Minn. 358, 10 N. W. 22. The redemptioner allowed its taxes to go to default with a presumed knowledge of the provisions of § 2185.

G. S. 1923 (1 Mason, 1927) § 2179, provides for the refundment by the county of money paid by a purchaser at a void sale, with interest at the rate of seven per cent, when the sale is set aside for any of the grounds stated in § 2177 of those statutes. The latter section provides that refundment shall be allowed only when it shall be made to appear either that the property was exempt or the taxes had been paid or "that the assessment of the property or the levy of the tax is void." This court has held in In re Delinquent Real Estate Taxes for 1920, 155 Minn. 258, 260, 193 N. W. 459, that a tax levied upon an overvaluation of property is invalid to the extent of the amount thereof based upon excessive valuation. We therefore hold that in the case at bar the assessment and levy for the excessive amount was void and within the third provision of § 2177. To that extent the purchaser was entitled to refundment from Hennepin county with interest at the statutory rate of seven per cent.

The orders appealed from are affirmed.