STATE v. AITKIN COUNTY FARM LAND COMPANY.[1]

February 17, 1939.

No. 31,980.

[1]Reported in 284 N. W. 63.

*William S. Ervin,* former Attorney General, *J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, *William D. Gunn,* Special Assistant Attorney General, *John T. Galarneault,* County Attorney of Aitkin county, and *Andrew R. Bratter,* Assistant County Attorney of Ramsey county, for the State.

*Fred F. Weddel,* for respondent.

A brief *amici curiae* on behalf of the contention of the State was filed by the following: *J. J. Hadler,* County Attorney of Koochiching county; *W. B. Sherwood,* County Attorney of Lake of the Woods

county; *Clarence Smith,* County Attorney of Beltrami county; *Charles L. Clark,* County Attorney of Hubbard county; *O. E. Lewis,* County Attorney of Clearwater county; *Franklin E. Ebner,* County Attorney of Crow Wing county; *Edward L. Rogers,* County Attorney of Cass county; *Bert Hanson,* County Attorney of Roseau county; *Lyman A. Brink,* County Attorney of Kittson county; *Arnold A. Trost,* County Attorney of Marshall county; *Ralph H. Lee,* County Attorney of Red Lake county; *Paul A. Lundgren,* County Attorney of Pennington county; *F. H. Stadsvold,* County Attorney of Polk county; *L. A. Wilson,* County Attorney of Mahnomen county; *Lloyd J. Hetland,* County Attorney of Norman county; *James A. Garrity,* County Attorney of Clay county; *Carl G. Buck, Jr.,* County Attorney of Becker county; *J. Norman Peterson,* County Attorney of Todd county; *Albert Johnson,* County Attorney of Pine county; *John S. Nyquist,* County Attorney of Mille Lacs county; *George L. Angstman,* County Attorney of Kanabec county; *J. Arthur Benson,* County Attorney of Benton county; *Harry E. Burns,* County Attorney of Stearns county; *Arthur R. Lieberman,* County Attorney of Carlton county; *Harold L. Westin,* County Attorney of Isanti county; *Leeds H. Cutter,* County Attorney of Anoka county; *Sam G. Gandrud,* County Attorney of Meeker county; *Roy A. Hendrickson,* County Attorney of Kandiyohi county; *R. J. Stromme,* County Attorney of Grant county; *Earl E. Huber,* County Attorney of Traverse county; *C. A. Rolloff,* County Attorney of Chippewa county; *Ed J. Goff,* County Attorney of Hennepin county; *Frank J. Williams,* Assistant County Attorney of Hennepin county; *M. F. Kinkead,* County Attorney of Ramsey county; *Andrew R. Bratter,* Assistant County Attorney of Ramsey county; *Milton Lindbloom,* County Attorney of Washington county; *Russell L. Frazee,* County Attorney of Renville county; *B. M. Heinzen,* County Attorney of Lincoln county; *T. O. Streissguth,* County Attorney of Brown county; *H. G. Whitney,* County Attorney of Murray county; *E. M. Perrier,* County Attorney of Watonwan county; *John H. McLoone,* County Attorney of Waseca county; *Arnold W. Brecht,* County Attorney of Nobles county;

*J. H. Manion,* County Attorney of Pipestone county; *C. L. Erickson,* County Attorney of Martin county; *Clarence T. Perkins,* County Attorney of Fillmore county; *Paul D. Stratton,* County Attorney of Yellow Medicine county; *W. G. Lindmeier,* County Attorney of Wabasha county; and *W. Kenneth Nissen,* County Attorney of Winona county.

JULIUS J. OLSON, JUSTICE.

The state appeals from an order denying its blended motion for amended findings and conclusions of law or a new trial.

As the facts are founded upon official records, there is no dispute respecting them. We adopt the findings of the court, absent as here any claim of inaccuracy.

Two actions were brought by the state against defendant to quiet title to two separate parcels of real estate in Aitkin county, one involving a 40-acre tract and the other an entire section. The two actions were consolidated for trial for all purposes and are so submitted here.

Defendant, a domestic corporation, was on May 1, 1927, the owner in fee simple of the premises and has ever since remained such owner unless its title has been divested by certain tax proceedings hereafter to be considered. Both tracts have been and still are vacant and unoccupied. The larger parcel is described as section 27, township 51, range 23; the 40-acre tract lies in section 17, same township. The section is subdivided into 16 forty-acre tracts as appears by government survey. For the year 1927, and each year thereafter, each such tract was assessed for taxation as a separate parcel. All taxes for 1927 and subsequent years remain unpaid. The taxes assessed for 1927 against 11 of the mentioned forties were at the rate of $16.52 each, four at $18.60 each, and one at $14.46, in all amounting to $270.58. The forty in section 17 was assessed for $15.57.

On February 1, 1929, the county auditor filed in the office of the clerk of court a list of delinquent taxes for 1927 upon real estate within his county. The forty in section 17 was separately described with amount of tax charges against it. The same is true

with respect to section 27 except that instead of describing each forty and the amount charged against each he included "all of section 27" and included the entire amount of taxes against it at $270.58.

Due notice pursuant to the statute (L. 1927, c. 119, § 3, 1 Mason Minn. St. 1927, § 2139-2) was published and proof thereof filed. On March 23, 1929, judgment was entered determining the amount of the 1927 taxes, penalties, and costs as follows: Against the forty in section 17, $18.19; all of said section 27, $311.47. Later, on May 13, 1929, pursuant to the judgment and after due notice given, the two parcels so included in the judgment were separately offered for sale at public auction. There being no private bidder, each parcel was sold to the state for the respective amounts of said judgments against them. No redemption has been made or attempted as to either parcel except as hereafter will be noted. In all respects the proceedings were regular and in compliance with the statutes except insofar as the respective subdivisions of section 27 are concerned. No subsequent tax judgment or sale has been made.

Pursuant to L. 1935, c. 278 (3 Mason Minn. St. 1938 Supp. §§ 2164-5 to 2164-18), the county auditor on July 1, 1935, issued and posted in his office a notice substantially in the form and of the substance prescribed in § 8(b) [§ 2164-12(b)] of that chapter except that it specified that the time for redemption of the lands therein described from the tax sale thereof would expire one year after service of notice and filing of proof thereof in his office. The notice set forth the parcels of land as hereinbefore described, that is to say, the forty in section 17 was described separately, the other parcel was described as "all of section 27." The auditor issued and caused to be published the notice conforming in form and substance with § 8(c) of the mentioned chapter. Proof of publication of the mentioned notice was made and filed. The auditor delivered to the sheriff a sufficient number of copies of the published notice for service upon persons in possession of any of the lands involved pursuant to said subd. (c); and the latter duly investigated and made service thereof in conformity with that statute. The lands

here involved were found to be vacant and unoccupied. Thereupon on April 17, 1937, the auditor executed the certificate provided for under § 8(f). The certificate was recorded in the office of the register of deeds of the county and thereafter filed in the auditor's office. All of these proceedings, except as herein otherwise indicated, "were in all respects in compliance with and pursuant to the statutes purporting to be applicable thereto, including said Chapter 278, Laws 1935."

On March 1, 1938, defendant tendered to the county auditor and treasurer, and to each of them, the amount of delinquent taxes with interest and penalties remaining unpaid against the two involved parcels as a redemption thereof from the said tax sale, including all accrued taxes up to and including the taxes for 1935, and demanded a receipt and certificate of redemption thereof. Each of the officials refused to accept the tender and refused to execute such receipt and certificate upon the ground that the time within which to redeem had expired. The court was of opinion, and as conclusions of law held, that "plaintiff is not, and the defendant is, the owner in fee simple," of the involved premises; that "plaintiff has no estate or interest in, nor any lien on, the same, or any part thereof, except its lien on each subdivision thereof for the amount of the taxes levied and extended thereon for the years 1927 to 1937, inclusive," together with interest and penalties thereto accruing; and, at plaintiff's election as to the 16 forties comprising section 27, that the judgment to be entered should include the right to have the premises sold by the sheriff to "satisfy such liens and one-sixteenth each of the costs of said sale, in the same manner and with like effect as in the case of sale of land on execution," relying upon authority granted by 1 Mason Minn. St. 1927, § 2185, and Blakeley v. L. M. Mann Land Co. 153 Minn. 415, 190 N. W. 797.

The court's memorandum exhaustively reviews our prior cases and bespeaks a most thorough search for the law applicable to the problems presented. We have found it most helpful.

It may be well first to restate the rule that:

"It is elementary that the power of taxation is inherent in sovereignty and that under our system of government it reposes in the legislature, except as it is limited by the state or the national constitution. In other words, the constitutional provisions are not a grant of, but a limitation upon, this power, and except insofar as thus limited it is exhaustive and embraces every conceivable subject of taxation." Reed v. Bjornson, 191 Minn. 254, 257, 258, 253 N. W. 102, 104, and cases there cited.

■ There is involved in the cases before us no constitutional question in respect to the manner or means to be employed in enforcing taxes except that of due process. In this state at least there is no constitutional right belonging to the citizen to redeem from tax sales, nor any right to any notice of expiration of redemption from such sale. We must therefore look to the statutes for such rights. 4 Cooley, Taxation (4 ed.) §§ 1559 and 1563; 6 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 9405; State ex rel. Lee v. Schaack, 28 Minn. 358, 10 N. W. 22; State ex rel. Western Land Assn. v. Smith, 36 Minn. 456, 32 N. W. 174; County of Hennepin v. Inter City R. & L. Co. 188 Minn. 90, 93, 246 N. W. 537.

In the early history of the state there was no requirement of notice of expiration of redemption from a tax sale. Title passed without notice. The owner's title was forfeited. The requirement in respect to notice of expiration first came into our law by L. 1877, c. 6, § 37. That enactment did not, however, apply to the state, or to an assignee of the state after forfeiture. It applied only to assignees of the state prior to forfeiture. State ex rel. Davenport v. McDonald, 26 Minn. 145, 1 N. W. 832; State ex rel. Western Land Assn. v. Smith, 36 Minn. 456, 32 N. W. 174; Powell v. King, 78 Minn. 83, 80 N. W. 850. Upon enactment of L. 1889, c. 198, notice was required as to assignees of the state's interest even after forfeiture. Several cases illustrate the effectiveness thereof. State ex rel. Wilson v. Bigelow, 52 Minn. 307, 54 N. W. 95; Cole v. Lamm, 81 Minn. 463, 84 N. W. 329; State ex rel. Shaw v. Scott, 105 Minn. 69, 117 N. W. 417. Substantially in this form the law remained until enactment of Ex. Sess. L. 1902, c. 2. This

enactment appears to have repealed the requirement of giving notice. But by L. 1905, c. 270, § 1 (now 1 Mason Minn. St. 1927, § 2164) it was again made necessary to give notice where land was sold to the state, but the statute applied only where the state's interest was sold or assigned to a purchaser. No provision was made for the state to give such notice. Thus the statute remained, as far as we are informed and our research reveals, until enactment of L. 1935, c. 278, reference now being had to the necessity of giving notice where the state itself remains the purchaser at the tax sale.

We are not now concerned with statutes requiring service of notice of expiration of redemption as to those who may have purchased property at tax sales or who may have acquired the state's interests by taking assignments of tax certificates.

A new theory, obviously intended to do away with the necessity of service of any notice of expiration of redemption by anyone, was adopted by L. 1927, c. 119. Under its provisions only taxes for the year 1926 and subsequent years were to be affected thereby; and all land thereafter sold at annual delinquent tax sales, whether to the state or an actual purchaser, upon expiration of five years from the date of sale, was to become the absolute property of the purchaser, whether such purchaser be the state or another. No right of redemption was granted, and no notice of expiration was to be given under its terms. However, in the notice of annual delinquent tax sale, provision was made for insertion of the following language:

"You are further notified that at the expiration of five years from the date of the tax judgment sale pursuant to such judgment, each parcel of land sold at such sale, and not redeemed, will become and be the absolute property of the purchaser or of the state, or of his or its assigns, without further right of redemption, and without any notice of expiration of the time to redeem the same." (L. 1927, c. 119, § 3, 1 Mason Minn. St. 1927, § 2139-2.)

It was under the provisions of this act that the 1927 taxes here involved were levied and the involved lands later sold. Appropri-

ate notice in conformity with the quoted statute was duly given; hence when this tax sale took place in 1929 there was no provision for the giving of any kind of notice of expiration. But by L. 1933, c. 366, 3 Mason Minn. St. 1938 Supp. §§ 2164-1, 2164-2, provision was made granting a right of redemption to the landowner from any sale for delinquent taxes for a period of 12 months "after proof of service, in the manner required by law," of a notice of expiration had been filed in the office of the county auditor. That act was sustained in State ex rel. Standard Inv. Co. v. Erickson, 191 Minn. 188, 253 N. W. 529.

Later L. 1935, c. 278, was enacted. By this act the mentioned c. 366 was repealed in part and provided for a new kind of notice of expiration to be given by the state when land was bid in by it at a tax sale and its interest had not been assigned to another. It is upon the validity of the kind of notice provided by this chapter that decision herein depends.

■ But before entering upon a discussion of the validity and applicability of that act to the factual situation here let us first dispose of defendant's claim "that several descriptions separately assessed and taxed as a group in one notice and judgment and sold as one tract renders the judgment void and prevents forfeiture to the state." Counsel's reference goes to the parcel described as "all of section 27." The court was of opinion that grouping of the 16 forties comprising section 27 in the delinquent list and the judgment later entered in conformity therewith resulted in a void sale for lack of jurisdiction; hence that the state "has only the lien for the unpaid taxes on the subdivisions of that section." The basis for the court's reasoning seems to be that in contemplation of law each parcel is to be assessed separately; that each such subdivision is a separate "parcel" or "tract"; that the list of delinquent taxes must correspond with the assessment books, which require a description of each parcel and the amount charged against it; that only upon the filing of such accurate list does the court acquire jurisdiction. The court concedes that there is no case found which "exactly reaches the point." In Moulton v.

Doran, 10 Minn. 49 (67), an entire block of urban property was taxed and placed in judgment as one parcel. Because there was no presumption that the several lots comprising it were of equal value, this court held there was no authority to sell the lots separately; that the sale must be made of the entire parcel as assessed and as included in the judgment. And in State ex rel. Lee v. Schaack, 28 Minn. 358, 359, 10 N. W. 22, where—

"The facts were these: Taxes had been levied upon the west half of a section of land as one tract, and the half section was sold as one tract to satisfy the taxes. The relator subsequently became the owner of the north-west quarter of the section through the foreclosure of a mortgage resting upon it at the time the taxes were levied. She claimed a right to redeem that quarter from the tax sales, and the purpose of the writ is to compel the respondent, as county auditor, to certify to the amount required to redeem that quarter. * * * There is no right of redemption from tax sale but such as the statute gives, and it gives the right to redeem only an entire tract sold, or an undivided estate or interest in it. It does not contemplate that a tract sold as one may, for the purpose of redemption, be divided into several tracts at the instance of the several owners."

There are several cases holding that where there is a sale of two or more contiguous parcels as one tract, absent evidence to the contrary, it will be presumed that the entire tract is so assessed, taxed, and placed in judgment. In other words, if the lots, parcels, or tracts should have been dealt with separately the landowner's only remedy was lost by not answering in the tax proceeding. Knight v. Valentine, 34 Minn. 26, 24 N. W. 295; Sanborn v. Mueller, 38 Minn. 27, 31, 35 N. W. 666; National Bond & Security Co. v. Board of Co. Commrs. 91 Minn. 63, 67, 97 N. W. 413. Where, as here, the owner fails to answer so that judgment is taken against his property, "all objections which might have been interposed by answer except such as go to the jurisdiction of the court, and among the latter are to be considered the defences of payment and exemption," are waived. 6 Dunnell, Minn. Dig. (2 ed.) § 9333,

and cases under notes 27, 28, and 29. "It is the clear intent of the law *that every objection to the enforcement of the taxes appearing on the list filed* should be litigated and the judgment thereon be final and conclusive *inter omnes,* except against the objection of payment or exemption, if the court acquires jurisdiction." (Italics supplied.) Section 9333, *supra;* Board of Co. Commrs. of St. Louis Co. v. Nettleton, 22 Minn. 356, 358. So the only question on this phase is whether the court acquired jurisdiction of the mentioned section. There is no error in point of substance in this description. "All of section 27" includes all of its parts. It is in its description and in fact a solid block of land, wholly vacant and unoccupied and owned as a unit by defendant taxpayer. Anyone going through the court records pertaining to this judgment would be informed of nothing else than that this was one parcel and so assessed for taxation and enforcement of the tax by entry of judgment and subsequent sale thereunder. This being so, how can it be said that there is lack of jurisdiction? This case is much unlike Bonham v. Weymouth, 39 Minn. 92, 98, 99, 38 N. W. 805, 807, relied upon by the court as decisive against the other cases to which we have referred. The distinguishing fact between that case and this should not be overlooked. It is this: In that case "the attempted statement of the amount of taxes against" the land assessed appeared in "a column headed merely 'Amt.'" Under that heading were the "figures, *viz.,* '26,' '25,' '27,' opposite the respective descriptions, without any mark or line or anything to indicate what they were intended to represent,—whether dollars, cents, or something else." And, the court went on to say: "They might mean dollars or cents, or, perhaps, something else." Because of these obvious defects the court came to the conclusion that the list wholly failed to convey the statutory information; that "the most that could possibly be claimed for it is that it would inform parties interested that the amount of taxes was either so many dollars or so many cents, but which would be entirely a matter of conjecture or surmise." There is neither "conjecture" nor "surmise" here. (Compare Collins v. Welch, 38 Minn. 62, 35 N. W. 566.) There is no room for misunderstanding what was sought, or the means employed to ac-

complish the stated purpose. Obviously defendant could have answered, had it so chosen, in the proceedings so as to make each forty a separate unit for purposes of taxation. It has made no move at any time for leave to vacate the judgment so as to enable the court to correct an apparently harmless error. Under the act (L. 1927, c. 119, § 3, 1 Mason Minn. St. 1927, § 2139-2) defendant could "at any time before the expiration * * * of five years from the sale" have applied to the court "on notice * * *, for cause shown, to have the taxes, penalties, interest and costs remaining unpaid on such parcel, set aside or reduced * * *." It wholly ignored the next proviso, which reads (same section):

"Provided further, that no action, defense or application attacking the validity of the sale of any parcel at an annual delinquent tax sale or the validity of any subsequent delinquent taxes shall be entertained unless brought, interposed or made within five years from such sale."

There is no suggestion of prejudice resulting to the owner, nor any claim of unfair, unequal, or excessive assessment. At most there was an irregularity not however appearing upon the judgment roll. We find no omission of official duty going to the jurisdiction of the court. The rule is: "If the court acquires jurisdiction, the judgment is final and conclusive, except that it may always be shown that the taxes were paid prior to judgment, or that the land was exempt." Absent as here any claim of such prior, or any, payment of taxes, or that the land was exempt, we think the irregularity mentioned is one that should have been taken advantage of by answer or by direct attack. If the court has jurisdiction, the judgment "is conclusive as to the legality of the tax, the legality of the levy and assessment, and the amount due—in other words, it is conclusive of everything essential to the right to sell the land for the amount specified, barring the statutory exceptions as to payment and exemption." 6 Dunnell, Minn. Dig. (2 ed.) § 9355, and cases cited under notes. No one examining the judgment roll in this case could come to any other conclusion than that the tax list was regular on its face. Adequate notice having been given in

508

conformity with the statute, jurisdiction as to the *res* necessarily attached. Failure to answer precludes attack upon the judgment now. Cases dealing with collateral attack in such proceedings as we have here are found in 6 Dunnell, Minn. Dig. (2 ed.) § 9361. Among the many defects there listed as not ousting the court of jurisdiction these may be mentioned: *"Error, irregularity or omission in the assessment or levy of the taxes, or in any other proceedings prior to filing the list;* * * * stating amount of taxes for several years in gross; error in name of owner; * * * *treating two tracts as one;* * * * error in amount of taxes; including taxes for certain years without authority; * * * *mistake in copying list for publication;* mistake in publishing list," and many others. (Italics supplied.)

■ Defendant earnestly contends that when the legislature enacted L. 1933, c. 366, "it intended to give respondent a right to be served with the kind of notice prescribed by" 1 Mason Minn. St. 1927, § 2163, "or its substantial equivalent," and that thereby it was given "a vested right" to that kind of notice.

As has been seen, the 1927 act provided for an absolute forfeiture of the taxed property if the owner failed to meet the tax burdens charged against it within five years after sale. In 1933, when c. 366 was enacted, the financial situation was such that the legislature deemed it necessary to enact remedial legislation of many types to prevent general collapse of our social structure. We need not catalog the many acts passed having for their objective assistance to the people, especially the debtor classes. That chapter was enacted in furtherance of this purpose. Not only was notice of expiration of redemption restored as a prerequisite to forfeiture, but also a full year was given after service of notice and filing of proof thereof with the county auditor before the owner's title could be divested. Prior thereto, under then existing law, the owner's respite had been limited to 60 days. The act was sustained here in State ex rel. Standard Inv. Co. v. Erickson, 191 Minn. 188, 192, 253 N. W. 529, 531, because it was held to be "a valid exercise of the police power of the state as an emergency measure." But this enactment left the state without any remedy for the enforcement of its tax charges

against delinquent property since no provision for such procedure had been made, nor was there such authority under then existing law. The state had but a lien. Hence, when the next legislative session was had in 1935 this predicament was sought to be met by the enactment of L. 1935, c. 278, 3 Mason Minn. St. 1938 Supp. §§ 2164-5 to 2164-18. As to those who had purchased property at tax-delinquent sales or had acquired such rights by virtue of taking state assignments, the notice of expiration required by 1 Mason Minn. St. 1927, § 2163, had to be given. This was necessary because, as between the purchaser at a tax sale and the owner of the property sold, under our prior decisions, a contract relationship arose, and the law as then in existence determined the contractual rights and obligations of the parties. "No subsequent statute can import new terms into the contract, or add to those before expressed. If it could be changed in one particular, it could be in all; if subject to legislative control at all, it is wholly at the legislative mercy." 4 Cooley, Taxation (4 ed.) § 1561, and cases under note 6. (The author cites the following of our cases: Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; State ex rel. Wheeler v. Foley, 30 Minn. 350, 353, 15 N. W. 375; State ex rel. Davenport v. McDonald, 26 Minn. 145, 1 N. W. 832.) But as between the delinquent owner and his sovereign, the state, there was no "contract." His property was lawfully charged with his appropriate share of the public burdens incident to ownership. His remedy was to redeem by payment of the tax. The remedy by redemption, "like remedies in general, is subject to legislative discretion." 4 Cooley, Taxation (4 ed.) § 1561.

The grace period granted by the 1933 act was in the nature of a legislative gift founded upon motives of public policy. As such the rule is that "where a statute gives a right in its nature not vested, but remaining executory, if it does not become executed before a repeal of the law, it falls with it, and cannot thereafter be enforced." Bailey v. Mason, 4 Minn. 430, 433 (546). See also Griswold v. McGee, 102 Minn. 114, 112 N. W. 1020, 113 N. W. 382, 12 Ann. Cas. 186.

Both enactments (L. 1933, c. 366, and L. 1935, c. 278) had for their objective the granting to the owner of tax-delinquent lands a further opportunity to protect his interests. Certainly no taxpayer can, within reason, claim otherwise. Each act extended redemption privileges as a matter of grace. When it comes to the enforcement of the tax lien, like any other remedy, the question is whether the new remedy afforded is a reasonable one. In State ex rel. Standard Inv. Co. v. Erickson, *supra*, we said (191 Minn. 192, 253 N. W. 531) : "The remedy available under the act requires the doing of something not before necessary, but it does provide for a substantial remedy. * * * We think the act is valid as a reasonable control by the state of a remedy to enforce a contract." And in State ex rel. National Bond & Security Co. v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157, it was held that: "The rule that the rights of parties in tax proceedings are to be determined by the law in force at the time of the tax sale and the issuance of the certificate does not prevent the legislature from making changes in the manner of enforcing the lien which do not substantially impair any of the obligations of the contract." Also in point, 4 Cooley, Taxation (4 ed.) § 1561, and cases under note 9. That there is no "vested right to a particular remedy, or in an exemption from it," is recognized everywhere. 1 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 1617, and cases under notes 11 and 12.

The procedure in respect of notice of expiration of redemption and service thereof under the 1935 act, while different from that prescribed by 1 Mason Minn. St. 1927, § 2163, is adequate insofar as the contents of the notice itself and the service thereof upon the taxpayer are concerned. Its requirements when met, and they were here, are such as to leave no doubt that any delinquent owner, if not soundly asleep as to his own rights, or in wilful or negligent disregard of its language, would be advised thereby that unless compliance was met within the therein well defined limits his property would be lost. Nothing essential to due process is lacking. The notice gave the taxpayer definite directions to go to the office of his county auditor, where every fact concerning his taxes and their status as the sale affected his property might be

had. The posted list, there easily available, contained all the information required by the act and all that any taxpayer was interested in ascertaining. That this information would adequately inform him of the amount to be met and the time limit within which he must act in order to avoid loss of his property clearly appears. As such a taxpayer defendant was, necessarily, charged with notice of the law as it affected its property. The 1933 enactment as well as that of 1935 fully informed it of its rights, likewise its duties. It cannot consistently claim knowledge of the former act (L. 1933, c. 366) and ignorance of the latter (L. 1935, c. 278). And as there was full compliance by the officers representing the state with the requirements of §§ 7 and 8 of the act (3 Mason Minn. St. 1938 Supp. §§ 2164-11 and 2164-12), defendant's failure to redeem forfeited its title to the state.

If the 1935 legislature, instead of providing for notice of expiration and service thereof, had enacted a statute similar in its provisions to L. 1877, c. 6 (that act granted extension of redemption to three years from the date of tax sale but provided for absolute forfeiture of title if not paid within such period), it seems clear that such enactment would be a valid exercise of legislative power. By § 37 of that chapter, "every person holding a tax certificate" was required to cause notice of expiration of redemption to be served before the owner's title could be divested. In State ex rel. Western Land Assn. v. Smith, 36 Minn. 456, 32 N. W. 174, this court had for consideration that act and its effect upon property under situations much similar to what we have here. There the involved lands were bid in for the state in 1876, at a tax judgment sale, for the 1874 taxes. In its opinion the court referred to Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721, where the court had held that this statute did not operate to extend the time of redemption of land previously sold or assigned to tax purchasers.

"But," said the court (36 Minn. 457, 32 N. W. 175) "the legislature might so bind the state and its assignees, because, as to the state, the grant of additional time to land-owners to redeem was with its own consent, and, as respects subsequent assignees of the

interest acquired by the state, they, of course, took subject to the conditions imposed by the existing statute. The section so amended was clearly applicable and constitutional as to lands still held undisposed of by the state, upon which the time of redemption had not expired."

The resulting decision was that as to "persons holding tax certificates," as assignees of the state, before the period of forfeiture had expired, the statute respecting notice applied, but it was held inapplicable to an assignee or grantee who acquired such interest after forfeiture, in which case, by the terms of the statute, the conveyance became absolute and without right of redemption. And the court further held that notice of expiration of redemption was not required to be served on behalf of the state, as the [36 Minn. 458] "statute does not cast upon the state the burden of causing notice to be served." Furthermore, the act by its terms, at the end of the extended period, provided that the delinquent real estate should [36 Minn. 459] "become the absolute property of the state," and as such might be disposed of at public or private sale as the auditor of the state might direct. Instead of passing such an act in 1935 the legislature passed chapter 278, which provides for service of notice of expiration where the state desires to make forfeiture of title a means of bringing about delinquent tax payments. Our legislative history, especially of late years, shows beyond question that what the state has sought throughout these difficult times is the restoration of land to the taxpaying list. That the means here adopted are within constitutional limits of legislative power seems clear.

■ Another claim made by defendant as a reason for sustaining the result reached below is that the confession of judgment statute (Ex. Sess. L. 1935-1936, c. 72, as amended, 3 Mason Minn. St. 1938 Supp. §§ 2176-11 to 2176-16) and the repurchase statute (Ex. Sess. L. 1937, c. 88, *Id.* §§ 2176-26 to 2176-34) extended the taxpayer's right of redemption not only as to time for making such redemption but also extended "every available opportunity for the owner to repossess his land * * *." Inasmuch as it here clearly appears

that defendant has not complied or sought to comply with either of these acts, it would seem that it is not in position to make any claims under them. Furthermore, § 5 [§ 2176-15] of the former act provides that L. 1935, c. 278, "shall remain in full force and effect save and except wherein an applicant takes advantage of the provisions of this act." The cited c. 88 relates "to the repurchase of land after forfeiture to the state." Neither act, absent any effort on defendant's part to comply therewith, is of any help to it now.

■ The state directs our attention to L. 1935, c. 386, § 7, 3 Mason Minn. St. 1936 Supp. § 2139-21, which provides for the immediate cancellation of "all taxes and tax liens" immediately after forfeiture to the state. Of course defendant is not interested in this matter. We do not understand that the court considered this phase in view of its decision that these proceedings had failed to divest the owner of its rights in the property. The matter is one which can and undoubtedly will be corrected upon the going down of the remittitur.

The order is reversed with directions to amend the conclusions of law so as to conform with the views herein expressed.

So ordered.

